ZUCKER & LEVETT CHEMICAL Co. *v.* MAGONE, Collector.

(*Circuit Court, S. D. New York.* January 31, 1889.)

1. CUSTOMS DUTIES—CONSTRUCTION OF LAWS.
    Where two provisions of the tariff act apply to an imported article, the
    first of which provisions is qualified by the phrase, "not otherwise provided
    for," while the second contains no such qualifying phrase, the article is prop-
    erly dutiable under the second provision, and must be held to be therein "oth-
    erwise provided for," so as to take it out of the operation of the first provis-
    ion.

2. SAME—ARTICLES OF VARIOUS USES.
    When an imported article is a "painters' color," and also a "polishing pow-
    der," it is not necessary to show that its predominant use is as a polishing
    powder, in order to make it dutiable as such. It is sufficient if its use for
    that purpose is a substantial use.

**3. Same—Oxides of Iron.**

Oxides of iron, which are in general use both as "colors" and as "polishing powders," are properly dutiable under the provision in Schedule N of the act of March 3, 1883, for "polishing powders of every description, by whatever name known;" and not under the provision of Schedule A, for "colors and paints, including lakes, whether dry or mixed, or ground with water or oil, and not specially enumerated or provided for in this act."

(*Syllabus by the Court.*)

At Law.

This was an action against the collector of the port of New York, to recover duties alleged to have been exacted in excess of the lawful rate upon certain oxides of iron. The collector had assessed the duty at 25 per cent. under the provision in Schedule A of the act of March 3, 1883, for "colors." The importer claimed that the articles were properly dutiable at 20 per cent., as "polishing powders," under a provision therefor in Schedule N of the same act. The proof showed that the articles were used for both purposes. As to some of the importations it was shown that they were much more largely used as "colors" than as "polishing powders."

*Edward Hartley*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*after stating the facts as above.*) It appears by the statute (act of 1883) that congress has provided, in the chemical product schedule, for "colors and paints, including lakes, whether dry or mixed, or ground with water or oil, and not specially enumerated or provided for in this act, twenty-five per centum *ad valorem.*" Inasmuch as the tariff act immediately thereafter proceeds to deal with bone-black, ocher, and umber, it might perhaps be supposed that congress intended to restrict the exception to that schedule; but they have not said so, and to put that interpretation upon the act would be legislation, and not construction. Within the same tariff act, however, there is a provision for "polishing powders of every description, by whatever name known, including Frankfort black, and Berlin, Chinese, fig, and wash blue, twenty per centum *ad valorem.*" It appears by the evidence here that these goods, although painters' colors, and used as such, are also used as polishing powders, and are so used to a substantial extent. It is not necessary to show that their predominant use is as polishing powders, provided it appears that there is at least a substantial use of this kind of article for that particular purpose. That being so, the acts, so far as these articles are concerned, should be interpreted so as to read, "colors and paints, except such as are used as polishing powders." By that I do not intend to imply that congress meant that each particular importation should be followed out, and its use traced, and the question as to whether it should pay duty or not disposed of upon an examination into the function which that particular importation subserved; but that, if a particular class of articles was used, and was suitable for use, for the purpose named at the time that the act was passed, that is sufficient. There

is no evidence here tending to show that the state of affairs is any different now from what it was when congress legislated. Therefore, as there has been evidence here to show that there was a substantial use of these varieties of painters' colors as polishing powders, I think they are within the language of paragraph 479, which is itself an exception from the eighty-seventh paragraph. I shall therefore direct a verdict for the plaintiff.