# HARTRANFT *v.* MEYER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 148.   Argued April 18, 1890. — Decided April 28, 1890.

Cloth composed partly of silk, partly of cotton and partly of wool, silk being the component material of chief value, and the proportion in value of wool being less than twenty-five per cent, is dutiable as a non-enumerated article under Schedule L, § 2502 of the Revised Statutes as amended by the act of March 3, 1883, 22 Stat. 510; and not as a similar article under Schedule K in that section, 22 Stat. 508.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Maury* for plaintiff in error.

*Mr. Frank P. Prichard* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

In 1885 Meyer & Dickinson were merchants in the city of Philadelphia, and John F. Hartranft was collector of customs for that district. They imported various lots of matelassé cloth. This cloth was composed partly of silk, partly of cotton and partly of wool, silk being the component material of chief value, and the proportion in value of wool being less than twenty-five per cent. The question presented in this case is, whether the goods were dutiable under Schedule "K" or Schedule "L," section 2502, of the act of March 3, 1883, 22 Stat. 508 and 510.

Schedule "K," which is entitled "Wool and Woolens," imposes a certain rate of duty upon "woollen cloths, woollen shawls and all manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for in this act." Schedule "L," entitled "Silk and Silk Goods," imposes a different duty on "all goods, wares and merchandise, not specially enumerated or provided for in

this act, made of silk, or of which silk is the component material of chief value." If either schedule stood alone in the statutes, obviously the goods would be dutiable under that schedule, for they were made in part of wool as described in Schedule "K," and they were goods of which silk is the component material of chief value, as described in Schedule "L." Both schedules being found in the same statute, we must deduce from them, taken in connection with other provisions, the intent of Congress in reference to goods of this description; for it cannot be assumed that Congress intended two rates for the same goods, to be selected at the pleasure of either the collector or the importer. In each schedule are found the words "not specially enumerated or provided for in this act," so that neither description is absolute or exclusive. We place no stress on the position of the two schedules in the act, or on the fact that Schedule "L," coming after Schedule "K," expresses the later thought and purpose of Congress; but we turn rather to the character of the descriptive language used in the one, it being more general than in the other. In Schedule "K" it is "made wholly or in part of wool," thereby reaching to all manufactured articles of which any portion is wool, while in Schedule "L" it is narrower and more limited, — "made of silk, or of which silk is the component material of chief value." This is a special enumeration rather than the other. This idea was presented in *Solomon* v. *Arthur*, 102 U. S. 208, 212, in which the descriptions compared were these: "Manufactures composed of mixed materials, in part of cotton, silk," etc., and "manufactures of which silk is the component part of chief value." Both expressions were held to be merely descriptive, and the true interpretation to be given to them was thus clearly stated by Mr. Justice Bradley in the opinion of the court: "It is observable that the description of 'manufactures made of mixed materials, in part of cotton, silk,' etc., is more general than that of 'manufactures of which silk is the component part of chief value.' Logically, the two phrases standing together in the same act or system of laws would be related as follows: 'Goods made of mixed materials, cotton, silk, etc., shall pay a duty of thirty-five per cent; *but if* silk is

the component part of chief value, they shall pay a duty of fifty per cent.'" Applying the same rule of construction here, the circuit judge, in deciding this case, and holding that the goods were dutiable under Schedule "L," *Meyer* v. *Hartranft,* 28 Fed. Rep. 358, well said that the statute was in substance to be read thus : " All manufactures of wool of every description, not especially enumerated or provided for in this act, shall be subject to a duty of thirty-five cents per pound and thirty-five per centum ad valorem ; but if silk is the component material of chief value, they shall be subject to a duty of fifty per cent ad valorem." We think this construction harmonizes the two sections better than any other, and gives force to the intent of Congress.

Another matter is also worthy of notice, and that is the change made in section 2499 of the Revised Statutes by the act of 1883. In the Revised Statutes the section contained this provision : " And on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable ; " while in the act of 1883 the provision is changed so as to read : " And on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which the component material of chief value may be chargeable." It is true that this section, at least in its main provisions, refers solely to non-enumerated articles, and these goods must be considered as enumerated. *Arthur's Executors* v. *Butterfield,* 125 U. S. 70. And yet, though this clause may apply solely to non-enumerated articles, it shows the intent of Congress in reference to a question of the kind presented. Instead of making the duty depend on the highest rate at which any component part is chargeable, it is made to depend on the highest rate at which the component material of chief value is chargeable. Applying that idea here, the rate would be that chargeable under Schedule "L," for silk, as appears from the findings, was the component material of chief value.

The judgment of the Circuit Court was correct, and it is

*Affirmed.*