*In re* CHASE *et al.*

(*Circuit Court, D. Massachusetts.* January 11, 1892.)

CUSTOMS. DUTIES—CLASSIFICATION—COMMON GOAT HAIR.

Tariff Act 1890, Schedule K, par. 377, class 2, imposes a duty of 12 cents per pound on "Leicester, Cotswold, Lincolnshire, down combing wools, Canada long wools, or other like combing wools of English blood; * * * and also hair of the camel, goat, alpaca, and other like animals." *Held* that, in view of the fact that in former acts this group has been construed to embrace only combing wools, common goat hair is not included in it, but belongs in paragraph 604 of the free-list, which covers "hair of horses, cattle, and other animals * * * not specially provided for in this act."

At Law. Petition by L. C. Chase & Co. for a review of the decision of the board of general appraisers as to the classification of common goat hair. Reversed.

*Josiah P. Tucker*, for petitioners.

*Henry A. Wyman*, Asst. U. S. Atty.

COLT, J. The subject of importation in this case was common goat hair, upon which the collector assessed a duty of 12 cents per pound, under paragraph 377, Schedule K, of the tariff act of October 1, 1890, which is as follows:.

"Class two, that is to say Leicester, Cotswold, Lincolnshire, down combing wools, Canada long wools, or other like combing wools of English blood, and usually known by the terms herein used, and also, hair of the camel, goat, alpaca, and other like animals."

The petitioners duly protested against this assessment, and claimed that the merchandise in question came under paragraph 604 of the free-list, which provides as follows:

"Hair of horses, cattle, and other animals * * * not specially provided for in this act."

The board of general appraisers affirmed the decision of the collector, and the petitioners now ask the court to review this question, as provided by section 15 of the act of October 1, 1890. The grounds upon which the board based their decision are set forth in the prior case of *Central Vt. R. Co.* v. *Collector of Burlington*, (G. A. 280,) where the same question arose.

It must be admitted that the question here presented is not free from difficulty. Paragraph 377 of Schedule K of the tariff act of 1890, under which this importation was classified by the collector, relates to what is known as the "combing-wool" class, embracing those kinds of wool which are fit for combing; the closing part of the paragraph, however, has reference to hair, and specifies the "hair of the camel, goat, alpaca, and other like animals." Now, it is admitted that the hair of the camel and alpaca are fit for combing; and, further, that the hair of certain kinds of goat, like the Cashmere and Angora, are adapted for combing purposes. Shall the words, then, "hair of the * * * goat," be taken literally as if they formed a distinct paragraph, and so held to cover all

kinds of goat hair, or shall they be construed in connection with the paragraph in which they are found, and in the light of the whole context and surroundings, and so limited to combing goat hair? It can scarcely be seriously contended that congress intended by this language to include common goat hair unfit for combing purposes, and so to assess a prohibitive duty of 12 cents a pound upon such kinds of goat hair. In dealing with such a difficult, intricate, and complex subject as the tariff, embracing, as it does, the enumeration and proper classification of hundreds of different articles of commerce, it is hardly possible that congress could succeed in every instance in expressing, in exact and unambiguous language, precisely what was intended; and in the construction of the custom laws the supreme court have conformed to what they believed was the intent of congress, though such construction may have involved a change or modification of the exact language of the statute. *Hartranft* v. *Meyer*, 135 U. S. 237, 10 Sup. Ct. Rep. 751; *Elliott* v. *Swartwout*, 10 Pet. 137, 152. While the words of a statute are generally to have a controlling effect upon its construction, the interpretation of these words is often to be sought from surrounding circumstances and preceding history. *Siemen's Adm'r* v. *Sellers*, 123 U. S. 276, 285, 8 Sup. Ct. Rep. 117. So here, while the language taken in its ordinary sense and apart from the general context, should be construed as it has been by the collector and the board of general appraisers, yet I think that the surrounding circumstances and preceding history call for a different construction.

In the tariff act of 1861, and since that time, wools, hair of alpaca, goat, and other like animals have been grouped together. The acts of 1861 and 1864 made the rate of duty upon this class of merchandise dependent upon the value per pound. The act of 1867 adopted a new method and divided these articles into three classes, and this subdivision has continued to the present time and is found in the act of 1890. This new method is based upon race of blood and fitness or adaptability for use in the arts. In the acts of 1867 and 1883 there are found three classes: "Class 1, clothing wools;" "class 2 combing wools;" and "class 3, carpet wools and other similar wools." The act of 1890 retains the same classification, but omits the words "clothing wools," "combing wools," "carpet wools, and other similar wools." I do not deem the omission of these words of any importance or significance whatsoever, because the same general classification is retained as in the previous acts. With the exception of the omission of the heading words "combing wools," the addition of the word "camel," and the transposition of the words "alpaca" and "goat," the language of paragraph 377 of the present act is the same as is found in the prior acts of 1867 and 1883. The construction put upon this paragraph by the treasury department from 1867 down to 1890, (with the exception of a part of the year 1886,) and by the federal courts, is adverse to the present ruling of the board of general appraisers, and in harmony with the contention of the petitioners. Syn. Ser. Nos. 4,108, 7,999; *contra*, Nos. 7,544, 7,614, rendered in 1886; *U. S.* v. *McNeely*, where the question was passed upon by Judge

BUTLER. This case is not reported, but is referred to and accepted as authority in Syn. Ser. No. 7,999. See, also, *Dobson* v. *Cooper*, 46 Fed. Rep. 184, where Judge BUTLER again ruled on the same question.

I am not unmindful of the force of the reasons urged by the board of general appraisers in their opinion, and by the district attorney in his brief, as to the import of the specific language used in paragraph 377, and that grammatically the words "hair of the  *  *  *  goat" are not qualified by the word "combing;" but, in view of the surrounding context, the evident intent of congress, the construction given by the federal court and the treasury department for a long term of years except in the year 1886, I feel bound to hold that these words were not intended to include common goat hair. If this importation is not within paragraph 377, it is clear that it comes under paragraph 604 of the free-list. The decision of the board of general appraisers is reversed, and judgment should be entered for the petitioners for a return of the amount of duties paid.