### In re BISTER et al.

(Circuit Court, S. D. New York. February 6, 1893.)

CUSTOMS DUTIES—GLORIA CLOTH.

Gloria cloth, composed of silk and worsted, and weighing less than 4 ounces to the square yard, and used for women's and children's dresses, is dutiable at 12 cents per square yard and 50 per cent. ad valorem, as "women's and children's dress goods," or "goods of similar description and character, composed wholly or in part of wool, worsted," etc., under paragraph 395 of the tariff act of October 1, 1890, and not at 50 per cent. ad valorem, as a "manufacture of silk, or of which silk is the component material of chief value," under paragraph 414. Hartranft v. Meyer, 10 Sup. Ct. Rep. 751, 135 U. S. 237, distinguished.

Appeal by the importers from a decision of the board of general appraisers affirming a decision of the collector of the port of New York. Affirmed.

W. Wickham Smith, for importers.

James T. Van Rensselaer, Asst. U. S. Atty., for collector.

COXE, District Judge. The merchandise in question is known as "Gloria Cloth." It is composed of silk and worsted, silk being the component material of chief value. It is used for women's and children's dresses, and weighs less than four ounces to the square yard. The collector classified it under paragraph 395 of the act of October 1, 1890, which is as follows:

"On women's and children's dress goods, coat linings, Italian cloth, bunting, and goods of similar description and character, composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals, and not specially provided for in this act, the duty shall be twelve cents per square yard; and in addition thereto fifty per centum ad valorem."

The importers protested, insisting that it should have been classified under paragraph 414 of the new tariff law, which is as follows:

"All manufactures of silk, or of which silk is the component material of chief value, not specially provided for in this act, fifty per centum ad valorem: provided, that all such manufactures of which wool, or the hair of the camel,

goat, or other like animals is a component material, shall be classified as manufactures of wool."

The board sustained the collector and the importer appeals to this court.

The question is whether the merchandise is more specifically provided for in paragraph 414 than in paragraph 395 of the new tariff act. The question is a perplexing one, but I am inclined to think that the collector was right in his classification. "Women's and children's dress goods" is a term of commercial designation. Paragraph 395 does not deal broadly with woolen cloths or manufactures of wool or worsted, but is confined to certain designated varieties of woolen or worsted cloths and to goods of similar description to these varieties. Strictly speaking "Gloria cloth" may not be known commercially as "women's and children's dress goods," but there is no question that it is used in making women's and children's dresses and is similar in description to such goods. A paragraph which provides for "goods of similar description and character to women's and children's dress goods composed wholly or in part of worsted" describes with greater accuracy the imported merchandise than a paragraph which provides for "all manufactures of silk." To borrow an analogy from the patent law, cloth which would infringe paragraph 414, were its broad language embodied in the claim of a patent, would not be touched by the narrower provisions of paragraph 395. The latter is more limited in scope and, therefore, more specific. It is this element of specialization which distinguishes the case from Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. Rep. 751, where two broad paragraphs, one relating to manufactures of wool and the other to manufactures of silk, were under consideration. The contention that in no event is paragraph 414 applicable for the reason that "Gloria cloth" is within the proviso when construed in the light of the provisions of the act of May 9, 1890, (26 St. at Large, p. 105,) entitled "An act for the classification of worsted cloths as woolens," presents an interesting question which it is unnecessary to decide.

The decision of the board is affirmed.