## UNITED STATES v. WEILLER et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1895.)

### No. 48.

CUSTOMS DUTIES—LITHOGRAPHIC PRINTS.

Articles consisting of lithographic prints, pasted upon sheets of paper which project beyond the prints, and are embossed so as to form frames, such frames being of more value than the prints, are dutiable as "articles produced in part by lithographic process," under paragraph 420 of the tariff act of October 1, 1890.

This is an appeal from the judgment of the United States circuit court, Southern district of New York, filed April 27, 1894, affirming the decision of the board of United States general appraisers reversing the decision of the collector of the port of New York in the classifications for customs duties of the merchandise involved in the case.

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

Everit Brown, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The articles in question are composed of lithographic prints pasted upon sheets of paper of an appropriate size, the paper projecting beyond the print, and embossed, or otherwise so prepared as to present a repoussé effect, thus forming an attractive frame. The frames are of more value than the lithographic prints. Print and frame are permanently united before importation, and the completed combination is the article imported, which must be classified as a single article, and in the condition in which it is at the time of importation. U. S. v. Schoverling, 146 U. S. 76, 13 Sup. Ct. 24. The collector classified the merchandise under paragraph 420, and the importers claimed that it should be classified under paragraph 425, of the tariff act of October 1, 1890. Both of these paragraphs are found in Schedule M ("Pulp, Paper, and Books"); paragraph 425 being the last one in the schedule, and manifestly intended for the "catch-all" clause, to cover only such articles as were not otherwise provided for. It reads as follows:

"425. Manufactures of paper, or of which paper is the component material of chief value, not specially provided for in this act, 25 per centum ad valorem."

A similar paragraph (omitting the words "chief value") is found in paragraph 388 of the prior tariff of 1883. Paragraph 420, however is a new one, not found in whole or in part in the prior tariff of 1883, and manifestly intended to specialize certain paper manufactures which but for such specialization would have to be classified

under some more general description. Thus, under the act of 1883, it was held that photograph albums made of paper, leather, metal clasps, and plated clasps, were dutiable as a manufacture of paper, or of which paper was a component material. Liebenroth v. Robertson, 144 U. S. 35, 12 Sup. Ct. 607. This new paragraph reads as follows:

"420. Papers known commercially as surface-coated papers, and manufactures thereof, cardboards, lithographic prints from either stone or zinc, bound or unbound (except illustrations when forming a part of a periodical, newspaper, or in printed books accompanying the same), and all articles produced either in whole or in part by lithographic process, and photograph, autograph, and scrap albums, wholly or partially manufactured, thirty-five per centum ad valorem."

The merchandise in question is undoubtedly "a manufacture of which paper is the component material of chief value"; it is equally "an article produced in part by lithographic process"; and the only question in the case is, which of these two provisions in the tariff act is the more specific? The learned judge who heard the case in the circuit court cited three decisions of the supreme court as determinative of that question in favor of paragraph 425. In the first of these (Solomon v. Arthur, 102 U. S. 212), the two descriptive phrases were "manufactures made of mixed materials, in part of cotton, silk," etc., and "manufactures of which silk is the component part of chief value." The supreme court held the former to be the more general one, but its phrasing is very different from the one now under consideration. In the next case (Hartranft v. Meyer, 135 U. S. 238, 10 Sup. Ct. 751), the supreme court points out the circumstance that in neither of the two phrases then under consideration are found the words, "not specially enumerated or provided for in this act," so that "neither description is absolute or exclusive." And it holds that the description, "made of silk, or of which silk is the component material of chief value," is narrower and more limited than the one, "made wholly or in part of wool"; thereby, as the court says, "reaching to all manufactured articles of which any portion is wool." Had the descriptions, which in these two decisions were held to be the more general ones, been so specialized as to include not broadly all mixed materials, or all mixed materials where wool was present, but only mixed materials when made up in a certain way, as by weaving on a Jacquard loom, a different question would have been presented, and one more closely parallel to the case at bar. In Seeberger v. Schlesinger, 152 U. S. 581, 14 Sup. Ct. 729, the articles were opera glasses, and the two descriptive phrases were "shells, whole or parts of, manufactured," and "manufactures, articles, or wares composed wholly or in part of metal." But the court held that the opera glasses could not properly be included within the first phrase at all, "as this clause was obviously intended to apply to articles made entirely, or nearly so, of shell, such as combs, bracelets, chains, and lorgnons, and not to articles of which shell was a mere component, though perhaps, as in this case, the most valuable part." The decision in the Seeberger Case, therefore, is not in point here. In view of the fact that paragraph 420 is a

new one, evidently intended to cover specifically articles not theretofore thus grouped; that it does not contain the qualifying words, "not otherwise provided for"; and is thus, as the supreme court has held, at least in its phraseology, "absolute or exclusive"; and of the further fact that paragraph 425 is evidently the catch-all clause, is expressed in broad language, and expressly excludes any manufactures of which paper is the component material of chief value, which are "specially provided for in the act,"—we are of the opinion that the articles in question, being within that class of manufactures of which paper is the component material of chief value, which has been produced in part by lithographic process, are to be classified for duty under paragraph 420. The judgment of the circuit court is reversed, and the case remanded, with directions to classify the merchandise as indicated in this opinion.