### STONE, Collector, v. HEINEMAN.

(Circuit Court, D. Maryland. April 9, 1900.)

CUSTOMS DUTIES—CLASSIFICATION—MANUFACTURES OF WOOL.

Tennis jackets of material composed chiefly of cotton. with a small percentage of wool, cotton being the material of chief value, are dutiable under paragraph 370 of the tariff act of 1897, as "articles of wearing apparel * * * composed wholly or in part of wool," and not under paragraph 314, which covers wearing apparel of which cotton is the component material of chief value, "not otherwise provided for."

In the matter of the application of the collector of customs at Baltimore, Md., for a review of the decision of the board of United States general appraisers as to the rate of duty on certain tennis jackets imported by Frederick Heineman per steamship Vedamore, April 4, 1898.

John C. Rose, U. S. Atty., and Morris A. Soper, Asst. U. S. Atty., for the collector.

MORRIS, District Judge. This was an importation of tennis jackets made of a material composed chiefly of cotton, with a small percentage of wool, cotton being the material of chief value. The question is, are they dutiable under paragraph 314 of the tariff act of July 24, 1897, as "articles of wearing apparel * * * of which cotton * * * is the component material of chief value, * * * not otherwise provided for by this act," at 50 per cent. ad valorem, or under paragraph 370, as "articles of wearing apparel * * * composed wholly or in part of wool"? Paragraph 370 applies to all wearing apparel composed wholly or in part of wool, for I think it is obvious that the words in that paragraph, "and not specially provided for in this act," refer only to felts not woven, while paragraph 314 applies only to wearing apparel composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component part of chief value, not otherwise provided for by the act. The application of paragraph 314 is therefore restricted to such articles of wearing apparel containing cotton as are not otherwise provided for by the act, while paragraph 370 is not restricted, and applies to all wearing apparel containing wool. The importation in question was wearing apparel containing wool, and is unrestrictedly provided for under paragraph 370, and therefore, in my judgment, is not dutiable under paragraph 314, which excludes wearing apparel containing cotton, which is otherwise provided for. The difference between paragraphs 314 and 370, the first being restricted in its application, and the second without restriction, takes the case, in my opinion, out of the ruling in Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, 37 L. Ed. 841, and the intention and policy of the act of July 24, 1897, is made apparent by the general proviso to paragraph 391: "Provided, that all manufactures of which wool is a component material shall be classified and assessed for duty as manufactures of wool." The court, in hearing this appeal, has not had the assistance of any argument or brief on behalf of the importer, he not having appeared, but the con-

sideration I have been able to give to the case leads to the conclusion that the decision of the board of United States general appraisers should be reversed, and the importation classified and assessed under paragraph 370, and it is so ordered.