### LOUIS METZGER & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 26, 1906.)

#### No. 131.

CUSTOMS DUTIES—CLASSIFICATION—SPANGLED HAT CROWNS.

> The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for "articles * * * composed * * * in part of * * * spangles made of * * * gelatin," being more specific than that in paragraph 450, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], for "manufactures of gelatin." Hat crowns composed chiefly of gelatin spangles are dutiable under the former provision.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 141 Fed. 381, affirming a decision of the Board of United States General Appraisers, G. A. 5,788, T. D. 25,578, which had affirmed the assessment of duty by the collector of customs at the port of New York.

The subject of the controversy consists of hat crowns composed chiefly of gelatin spangles. They were classified under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for "articles * * * composed * * * in part of * * * spangles made of * * * gelatin," and were claimed by the importers to be dutiable under the provision in paragraph 450, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], for manufactures of gelatin or of which gelatin is the component material of chief value.

Frederick W. Brooks, for the importers.

Charles Duane Baker, Asst. U. S. Atty.

Before LACOMBE and COXE, Circuit Judges.

PER CURIAM. We are clearly of the opinion that the phrase "articles * * * composed * * * in part of * * * spangles made of * * * gelatin," is more specific than the phrase "manufactures of gelatin," and for that reason affirm the decision of the Circuit Court.