### UNITED STATES v. GUTHMAN, SOLOMONS & CO.

### SAME v. A. STEINHARDT & CO.

(Circuit Court, S. D. New York. November 13, 1907.)

Nos. 4,904, 4,905.

CUSTOMS DUTIES—CLASSIFICATION—BEADED LEATHER BAGS — "ARTICLES IN PART OF BEADS."

Ladies' hand bags in chief value of leather and ornamented with beads are dutiable as "articles * * * in part of beads," rather than as "manufactures of leather, finished or unfinished, * * * or of which [leather] is the component material of chief value," under Tariff Act. July 24, 1897, c. 11, § 1, Schedule N, pars. 408, 450, 30 Stat. 189, 193 [U. S. Comp. St. 1901, pp. 1673, 1678.]

On Application for Review of a Decision by the Board of United States General Appraisers.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge. These two cases which present the same questions were argued together. The merchandise, which consisted of ladies' hand bags, the component material of chief value being leather,

and ornamented with beads, was assessed for duty by the collector of the port at 60 per cent. ad valorem under the provisions of paragraph 408 of the Tariff Act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]. The importers, protested claiming said merchandise to be properly dutiable at 35 per cent. ad valorem under paragraph 450 of said act (30 Stat. 193 [U. S. Comp. St. 1901, p. 1678]). The Board of General Appraisers overruled the classification of the collector, sustaining the protests of the importers. From this decision the United States appeals.

The reading of paragraph 408, omitting provisions not applicable to the question here, is thus:

"408. Beads of all kinds, not threaded or strung, thirty-five per centum ad valorem; * * * articles not specially provided for in this act, composed wholly or in part of beads or spangles * * * sixty per centum ad valorem."

And paragraph 450 with like omissions reads as follows:

"450. Manufactures of leather, finished or unfinished, manufactures of fur, gelatin, * * * or of which these substances or either of them is the component material of chief value, not specially provided for in this act * * * thirty-five per centum ad valorem."

This paragraph so far as it applies to the case here evidently means articles made of leather, or of which leather is the component material of chief value. But the word "articles" or any word of like meaning seems to have been omitted. The question is which of these two paragraphs (408 or 450) is controlling in this case?

Counsel for the importers very forcibly and ably argued that the cases of Solomon v. Arthur, 102 U. S. 208, 26 L. Ed. 147, and Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, 34 L. Ed. 110, are apt authority in support of the Board of General Appraisers in holding that the general clause "component material of chief value" in paragraph 450 is controlling of the question here presented. I do not concur in this conclusion. Observe the language of Justice Bradley in Solomon v. Arthur, supra:

"The plaintiffs insist that the term 'mixed materials,' or 'goods made of mixed materials,' is a specific and well-known commercial designation or name, which by usage covers the goods imported by them, and is not a descriptive phrase used merely to designate any class of goods answering to the description; and, therefore, although they may be embraced in the general description of the act of 1864, of goods 'in which silk is the component part of chief value,' such a general description is not sufficient to take them out of their places in the previous acts where they are designated by name. It may be conceded that if the goods in question had a specific name, such as that applied to 'reps,' 'tapestry,' 'galloons,' etc., and had been designated in the acts of 1861 and 1862 by such specific name, the argument of the plaintiffs would be well founded. It would be in accordance with the decision of this court in Movius v. Arthur, 95 U. S. 144, 24 L. Ed. 420. But are the terms relied on a name for goods? Are they not descriptive rather than denominative? We think it is very clear that they are merely descriptive. It may be true, as stated in the agreed case, that 'such goods are generally known in trade and commerce as goods made of mixed materials.' But the case also adds that 'each kind thereof is also known by its specific name.' The fact that certain goods belong to the class of mixed goods, or of goods made of mixed materials, does not stamp them with the name of mixed goods; for the same descrip-

tion is applicable to many other kinds of goods all having different names. It is not their name; it is merely their description."

And, further:

"At all events, the true construction of the law in its ultimate form is too obvious to admit of a reasonable doubt. The goods are aptly described by the general clause in the act of 1864, and are not otherwise provided for in that act, nor provided for by name in any previous act."

It will be readily observed that to apply the doctrine of that case to the case at bar we must hold that the language of paragraph 408 does not refer to beads by name. Such a construction would be rash indeed.

In the Hartranft-Meyer Case, supra, Justice Brewer states:

"In Schedule K it is 'made wholly or in part of wool,' thereby reaching to all manufactured articles of which any portion is wool, while in Schedule L it is narrower and more limited—'made of silk, or of which silk is the component material of chief value.' This is a special enumeration rather than the other."

From this it is argued that the Supreme Court gave a construction of like expressions in former tariff acts to those in paragraphs 408 and 450, as contended for by the importer, and as construed by the Board of General Appraisers. Yet, in this Hartranft-Meyer Case, the court simply sought to construe the intent of Congress, and in so doing called attention to the provisions of the law to the effect that articles made of different materials shall be dutiable at the highest rate at which any of its component materials shall be chargeable, although that provision related only to nonenumerated articles. Applying the same principle to the case at bar it occurs to me that Congress did not intend that articles composed wholly or in part of beads and spangles, specifically naming them, not containing wool, the .duty should be 60 per cent. ad valorem, yet if leather is the component material of chief value, though ornamented by beads and spangles, it must be reduced to 35 per cent. ad valorem. On the contrary, following the line of reasoning in the cases cited, the use of beads and spangles on articles intended' to be covered by paragraph 450 are excepted as having been more specifically provided for by paragraph 408. This was the view of the Circuit Court of Appeals in a case involving the construction of these same paragraphs. Metzger v. United States, 146 Fed. 132, 76 C. C. A. 558.

The decision of the Board of General Appraisers is reversed, and the action of the collector affirmed.