### HERSKOVITZ & ROTH v. UNITED STATES.

### GROSS, ENGLE & CO. v. SAME.

#### (Circuit Court, S. D. New York. July 1, 1910.)

#### Nos. 5,592, 5,593.

CUSTOMS DUTIES (§ 37*)—GOOSE SKINS WITH DOWN—"FURS DRESSED ON THE SKIN"—"BIRD SKINS DRESSED IN ANY MANNER."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 426, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), for "furs dressed on the skin," does not include dressed goose skins with the down on. Such articles are dutiable as "bird skins, * * * dressed * * * or manufactured in any manner," under paragraph 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

On Application for Review of Decisions by the Board of United States General Appraisers.

The decision below related to merchandise imported at the port of New York, which the Board of General Appraisers described as consisting "of goose skins with the feathers plucked and the down remaining on the skins; the same having been advanced in condition by cleaning and dressing." The Board held that these articles had been properly classified under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), the pertinent portion of which reads as follows:

"Feathers and downs of all kinds, including bird skins or parts thereof with the feathers on, * * * dressed, colored, or otherwise advanced or manufactured in any manner, including * * * manufactures of down, * * * not specially provided for, fifty per centum ad valorem."

Joseph G. Kammerlohr, for importers.
D. Frank Lloyd, Asst. Atty. Gen., for the United States.

---

HAZEL, District Judge. The rationale of the decision of the Board of General Appraisers, holding that the merchandise, consisting of goose skins with the down on, was assessable at 50 per cent. ad valorem under paragraph 425 of the tariff act of 1897, is based upon the evidence that the skins have been dressed by having a leather dressing applied to them and the feathers cleaned, but not colored, and in the opinion of the Board they had therefore been "otherwise advanced or manufactured"; that because the down was left on the skins does not require a different conclusion than is given when it is removed therefrom.

I think the Board correctly decided the question of classification. The importers contend that as paragraph 425 contains the qualification "not otherwise provided for," and the succeeding paragraph (426) does not include such phrase, that the latter provision is more specific and duty should have been levied under it. Such paragraph reads as follows:

"Furs dressed on the skin but not made up into articles, * * * twenty per cent. ad valorem."

The contention seems to find support in Zucker & Levett Chemical Co. v. Magone (C. C.) 37 Fed. 776; but it is unnecessary to apply this holding to this case, for the two provisions in my estimation do not apply to the articles in question.

It is further contended that said merchandise for many years has been held dutiable as fur skins under the paragraph last quoted, and therefore such continued practice of the customs officials must control. Such practice, however, prevailed under the tariff act of 1894 (Act Aug. 27, 1894, c. 349, 28 Stat. 509) and not under the act of 1897. (G. A. 4,213; T. D. 19,714.) Paragraph 425 specifically mentions goose skins "dressed, colored, or otherwise advanced or manufactured in any manner," and the latter portion of the phrase covers the treatment given the skins in question. It is true that the paragraph is not wholly free from the criticism of lack of clearness, in that it does not specifically mention skins with the down on, but refers merely to "feathers and downs of all kinds." Nevertheless, I think the intention of Congress is fairly perceivable, and the fact of leaving the down on the skin is immaterial.

The merchandise has been properly classified by similitude under paragraph 425, and the decision of the Board of General Appraisers is approved.