## HECHT & Co. *v.* UNITED STATES (No. 1297).[1]

GOODS PARTLY, BUT NOT IN CHIEF VALUE, OF WOOL.

This merchandise—boys' suits—consisting of a blouse, flannel neckpiece, and trousers, were properly assessed under paragraph 382, tariff act of 1909. There was no purpose on the part of the Congress to limit that paragraph to woolen wearing apparel not otherwise provided for.

### United States Court of Customs Appeals, May 4, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33777 (T. D. 33789).

[Affirmed.]

*Comstock & Washburn* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

In this case boys' complete suits, consisting of a blouse, flannel neckpiece, and trousers, were classified by the collector of customs at the port of New York as articles of wearing apparel in part of wool, and accordingly the goods were assessed for duty under the provisions of paragraph 382 of the tariff act of 1909, which paragraph reads as follows:

382. On clothing, ready-made, and articles of wearing apparel of every description, including shawls whether knitted or woven, and knitted articles of every description made up or manufactured wholly or in part, felts not woven, and not specially provided for in this section, composed wholly or in part of wool, the duty per pound shall be four times the duty imposed by this section on one pound of unwashed wool of the first class, and in addition thereto sixty per centum ad valorem.

The importers protested that the goods were dutiable either at 60 per cent ad valorem under paragraph 349 or at 50 per cent ad valorem under paragraph 324, but from their brief it appears that they really rely on paragraph 324, which reads as follows:

324. Clothing, ready-made, and articles of wearing apparel of every description, composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, made up or manufactured, wholly or in part, by the tailor, seamstress, or manufacturer, and not otherwise provided for in this section, fifty per centum ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed.

As the wearing apparel is ready made, and is admittedly manufactured in chief value of cotton and in part of wool, it is apparent that the goods might be properly assessed for duty under either of the paragraphs cited were the other omitted from the act. Both paragraphs, however, are in effect, and as each prescribes a different rate of duty it is evident that both can not be applied to the merchandise. It is necessary, therefore, to determine which of the two

---

[1] Reported in T. D. 34444 (26 Treas. Dec., 779).

paragraphs should be made applicable to the goods, and as that involves a determination of which of the paragraphs is the more specific the question presented by the appeal is one of law and nothing more.

The appellants claim that paragraph 324 is more specific than paragraph 382, and base their contention in that behalf on the fact that it has been judicially determined that a provision for "wearing apparel composed wholly or in chief value of cotton, and not otherwise provided for," is more specific than a provision for "wearing apparel composed wholly or in part of wool, and not specially provided for." Hartranft v. Meyer (135 U. S., 237). The Government admits the doctrine contended for by the appellants, but insists that it can not be invoked in this case, for the reason that the provision for wearing apparel in chief value of cotton is not brought into competition with a provision for wearing apparel in part of wool, *not specially provided for*, but with a provision which embraces all wearing apparel in part of wool, without restriction or limitation.

With this as the definite issue between the Government and the importers, it would seem that the decision of the case is made dependent on whether paragraph 382 shall be interpreted as providing for wearing apparel composed wholly or in part of wool or for wearing apparel composed wholly or in part of wool *and not specially provided for*. We think that the history of the paragraphs under consideration and the decisions of the courts make it apparent that Congress intended that wearing apparel composed wholly or in part of wool should be subjected to the operation of paragraph 382, and that there was no purpose on its part to limit that paragraph to woolen wearing apparel not otherwise provided for. We base this opinion on the fact that in the tariff acts of 1883, 1890, and 1894 the provisions for wearing apparel composed wholly or in part of wool were by express language confined in their operation to wearing apparel *not specially provided for*, whereas the provisions on the same subject in the tariff acts of 1897 and 1909 contained no such limitation and in terms were broad enough to cover all wearing apparel in part of wool. The pertinent parts of the woolen wearing apparel paragraphs of the acts of 1883, 1890, 1894, and 1897, are as follows:

1883.

Schedule K. Clothing, ready-made, and wearing apparel of every description, *not specially enumerated or provided for in this act*, * * *, composed wholly or in part of wool, * * * made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer, except knit goods, forty cents per pound, and in addition hereto thirty-five per centum ad valorem.

1890.

396. On clothing, ready made, and articles of wearing apparel of every description, made up or manufactured wholly or in part *not specially provided for in this act*, felts

not woven, and *not specially provided for in this act*, and plushes and other pile fabrics, all the foregoing, composed wholly or in part of wool, * * * the duty per pound shall be four and one-half times the duty imposed by this act on a pound of unwashed wool of the first class, and in addition thereto sixty per centum ad valorem.

### 1894.

284. On clothing, ready made, and articles of wearing apparel of every description, made up or manufactured wholly or in part, *not specially provided for in this act*, felts *not specially provided for in this act*, all the foregoing composed wholly or in part of wool, * * * valued at above one dollar and fifty cents per pound, fifty per centum ad valorem; valued at less than one dollar and fifty cents per pound, forty-five per centum ad valorem.

### 1897.

370. On clothing, ready-made, and articles of wearing apparel of every description, including shawls whether knitted or woven, and knitted articles of every description, made up or manufactured wholly or in part, felts not woven and *not specially provided for in this act*, composed wholly or in part of wool, the duty per pound shall be four times the duty imposed by this act on one pound of unwashed wool of the first class, and in addition thereto sixty per centum ad valorem.

[The italics are ours.]

The part of Schedule K above set out was considered in Hartranft *v.* Meyer, *supra*, and, as contended by importers, was held to be a less specific enumeration of wearing apparel composed of silk and wool, silk chief value, than that part of Schedule L which provided for goods not specially enumerated or provided for and in chief value of silk. The qualifying phrases "not specially enumerated or provided for" and "not specially provided for," which were distinguishing characteristics of the woolen wearing apparel provisions of the acts of 1883, 1890, and 1894, were, however, amended out of the law by paragraph 370 of the act of 1897, thereby making paragraph 370 applicable without restriction to wearing apparel of every description in part of wool and consequently excepting such merchandise from the operation of any other provision which in terms was confined to wearing apparel not specially provided for. Zucker *v.* Magone (37 Fed., 776); Levi *v.* United States (87 Fed., 193); Stone *v.* Heineman (100 Fed., 940). No change whatever was made in paragraph 370 of the act of 1897 by paragraph 382 of the act of 1909 save the substitution of the word "section" for "act" wherever used and the insertion of a comma after the phrase "felts not woven."

The appellants claim that the addition of the comma had the syntactic effect of relating back the phrase "not specially provided for" not only to "felts not woven," but to every preceding enumeration, and from that it is deduced that the paragraph covers only wearing apparel not specially provided for and is therefore virtually a reenactment of the law on the subject as it stood in 1883, 1890, and 1894. The contention is not convincing. "Felts not woven" and "wearing apparel wholly or in part of wool" were provided for by name in the

same paragraph for the first time in the act of 1890, and care was taken to insert after each enumeration the qualifying phrase "not specially provided for in this act," from which it may be fairly inferred that Congress placed more reliance on express language than on punctuation to exclude from the operation of the paragraph goods of either class elsewhere enumerated. Paragraph 396 of the act of 1890 was amended by paragraph 284 of the act of 1894 so as to include all felts and to exclude all plushes and other pile fabrics wholly or in part of wool, but barring that modification the first-mentioned paragraph was left unchanged and both provisions were limited in the very same manner and by the very same language to goods not specially provided for. When it came to the passage of the tariff act of 1897 the phrase which confined the woolen wearing apparel provisions to goods not otherwise provided for was dropped, and the provisions of the tariff acts of 1883, 1890, and 1894 on that subject were thereby extended, as held by the courts, to cover all wearing apparel in part of wool, even if composed in chief value of some other material. From this we think it is apparent that had Congress contemplated a return in 1909 to the legislation of 1883, 1890, and 1894, it would have used the language apt to the purpose found in prior acts and not manifested its intention in that behalf by the poor expedient of a comma, especially as the meaning of such language had been definitely determined by judicial interpretation and its use left no room for ambiguity.

The decision of the Board of General Appraisers is *affirmed*.