INTERNATIONAL EXPEDITERS, INC. *v.* UNITED STATES (No. 4734)[1]

[1] C. A. D. 543.

United States Court of Customs and Patent Appeals, November 2, 1953

Barnes, Richardson & Colburn (Joseph Schwartz and Edward N. Glad of counsel) for appellant.

Warren E. Burger, Assistant Attorney General (Richard H. Welsh, special attorney, of counsel), for the United States.

[Oral argument October 8, 1953, by Mr. Schwartz and Mr. Welsh]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, rendered pursuant to its decision, C. D. 1390, overruling the protest filed by appellant against the rate of duty applied by the Collector of Customs on certain articles, described as "cathode ray tubes," imported from Canada.

Appellant is a customs broker and entered the involved articles at the port of Chicago, Illinois, for the Belmont Radio Corporation, of that city. The articles in question were exported by the Canadian Marconi Company of Toronto, Canada. The imports were classified by the Collector of Customs as articles composed wholly or in chief value of glass at 30% ad valorem under par. 218 (f) of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802. This classification was protested by appellant, who contends that the imported articles should be classified under par. 216 of the Tariff Act of 1930 as modified by said T. D. 51802 as articles composed wholly or in part of graphite at 15% ad valorem.

The pertinent provisions of par. 216 and 218 (f) of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802, are set out below:

Par. 216—Articles or wares composed wholly or in part of carbon or graphite, wholly or partly manufactured, not specially provided for—15% ad val.

Par. 218 (f)— * * * all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, * * * —30% ad val.

The articles involved in this appeal are known as cathode ray tubes, commonly called the picture tube of television sets. From the testimony in this case it is apparent that the tubes are composed in chief value of glass and that they include a certain per-

centage of graphite within the tubes that is absolutely necessary for the operation of the tubes as well as a coating of graphite on the outside of the tubes. The facts in the case are conceded by both parties, appellant conceding that the tubes are composed in chief value of glass and appellee conceding that the tubes are composed in part of graphite. Thus the issue involved is one of law, which of the two competing paragraphs is more specific to the imported articles.

Appellant bases its argument that the tubes should be classified as articles composed wholly or in part of graphite under par. 216, as modified, *supra*, mainly on our holding in the case of *United States* v. *Garlock Packing Co.*, 32 C. C. P. A. (Customs) 79, C. A. D. 289. In that case the imported merchandise was "engine packing" composed in chief value of asbestos yarn with two per centum or more of graphite and varying percentages of other materials. There the collector had classified the merchandise under par. 216 of the Tariff Act of 1930, the same paragraph that is involved in this appeal. The classification urged by the importer in the *Garlock* case was par. 1501 (a) of the Tariff Act of 1930, which provided, *inter alia*, for "all manufactures of" asbestos. In that case we held that the term "articles" as used in par. 216, was a more specific designation than the term "manufactures of" as used in par. 1501 (a), and therefore, that the merchandise should be classified under par. 216.

In urging that the ruling in the *Garlock* case, *supra*, should be controlling here, appellant contends that the provision for "all articles of every description" is the full equivalent of the term "manufactures of." With this contention we cannot agree. It has been decided in many cases that the term "articles" is a more specific designation than the term "manufactures of," many of these cases being decided before the passage of the Tariff Act of 1930. *United States* v. *Guthman, Solomons & Co.*, 159 Fed. 273; *Bough* v. *United States*, 14 Ct. Cust. Appls. 60, T. D. 41575; *United States* v. *Garlock Packing Co., supra*. The principle that Congress is aware of judicial interpretation and that the re-enacting of a provision that has been interpreted by the courts is tantamount to adoption of that interpretation has been recognized in a long line of decisions by this court. *Goodman* v. *United States*, 2 Ct. Cust. Appls. 112, T. D. 31658; *Amerlux Steel Corp.* v. *United States*, 18 C. C. P. A. (Customs) 449, T. D. 44700; *S. Schwabacher & Co., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 496, T. D. 47484. In the light of that principle it must be taken that Congress was aware of the judicial decisions interpreting the term "articles" to be more specific than the term "manufactures of." Therefore, we must conclude that in placing the term "articles" in par. 218 (f) Congress meant "articles" as we have interpreted that

term and to read it as "manufactures of" would not conform to the legislative intent.

It is further argued that the provision in par. 216 for "articles wholly or in part of graphite" is more specific than the provision in par. 218 (f) for "articles wholly or in chief value of glass." We, however, are of the opinion that logic and the decided cases are the other way. In the case of *Hartranft* v. *Meyer*, 135 U. S. 237, the United States Supreme Court decided this very point. In that case various lots of cloth were imported, the cloth being composed partly of wool, partly of cotton and partly of silk, with silk the component of chief value. The two competing provisions were Schedule K and Schedule L of the Act of March 3, 1883. Schedule K provided for "* * * all manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for in this act * * *." Schedule L provided for "* * * all goods, wares and merchandise, not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value * * *." In deciding in favor of Schedule L the Court said, page 238,

In Schedule "K" it is "made wholly or in part of wool," thereby reaching to all manufactured articles of which any portion is wool, while in Schedule "L" it is narrower and more limited,—"made of silk, or of which silk is the component material of chief value." This is a special enumeration rather than the other.

This holding of the Supreme Court was followed by this court in the case of *Loewenthal & Co.* v. *United States*, 6 Ct. Cust. Appls. 209, T. D. 35464. In following the Supreme Court's holding we said, at page 217,

The highest authority uniformly quoted ever since rendition in 1890 as a precedent that "wholly or in part of" is less specific than "wholly or in chief value of" is Hatranft *v.* Meyer (135 U. S. 237).

In the *Loewenthal* case, *supra*, the question was whether various types of netting having beading attached thereto, the beading being of chief value, should be classified under par. 358 or par. 333 of the tariff act of 1913. Par. 358 provided for "* * * netting, * * * ornaments; * * * trimming not specially provided for; * * * and articles made in whole or in part of any of the foregoing fabrics or articles; * * *." Par. 333 provided for "Beads and spangles of all kinds, * * * and other articles * * * not specially provided for in this section, composed wholly or in chief value of beads or spangles * * *." In deciding in favor of par. 333 we stated, page 216,

The predicating language in paragraph 358 is "wholly or in part of;" in 333 "wholly or in chief value of." Obviously, the latter is mathematically more specific than the former, for if *any part* of an article is as predicated it falls within the former, while it takes the *major part* thereof in value to so fall within the latter. In other words, the latter applies only when an article in content more than half

in value falls therewithin, while the former is satisfied with much less, if any part falls therewithin. Therefore, the latter is the more narrow because the less easily satisfied. (Italics quoted.)

We think it should be noted that when we referred to "wholly or in chief value of" as being mathematically more specific than "wholly or in part of," it was not intended that the more specific paragraph would necessarily have fewer articles classified thereunder. That is apparently the meaning that appellant would read into that decision. As we understand the decision it means that for an article to be classified under the more specific paragraph a greater percentage of the value of the article would have to be of the material called for in that paragraph than would be necessary for classification under the less specific paragraph.

Our attention is directed to *Pflatz & Bauer (Inc.)* v. *United States*, 54 T. D. 353, T. D. 43035, a case decided by the United States Customs Court, that is apparently at variance with *Loewenthal* case, *supra*. In the *Pflatz & Bauer* case, the competition was between two paragraphs of the Tariff Act of 1922, par. 216, articles composed in whole or in part of graphite, and par. 214, articles composed wholly or in chief value of earthy or mineral substances. The importation was in part of graphite and in deciding that par. 216 was more specific than par. 214 that court said, page 355,

While paragraph 214 covers a manufacture of graphite in a general way when it is not specially provided for elsewhere in the tariff act, paragraph 216, although not containing an eo nomine provision for the merchandise herein, does provide for a manufacture of graphite not specially provided for.

In other words, par. 214 contains a general provision for all types of earthy or mineral substances, not specially provided for, while par. 216 contains a provision for graphite, a specific type of an earthy or mineral substance. Since that case places a specific type of a general class under a provision which names that specific type rather than under the provision for the general class we think it is readily distinguished from the *Loewenthal* case, *supra*, and the other similar cases.

Much mention is made of resort to legislative history to determine the legislative intent in the various competing paragraphs in this case. However, no legislative history is called to our attention, nor do we believe that there is any necessity to consider the subject. We have mentioned legislative intent in an earlier portion of this opinion. What was said there with reference to the distinction between the term "articles" and the term "manufactures of" would apply equally to the distinction that has been drawn between "wholly or in chief value of" and "wholly or in part of." Both the *Hartranft* v. *Meyer* case, *supra*, and the *Loewenthal* case, *supra*, were decided long before the passage of the Tariff Act of 1930, and it must be considered that

Congress approved those decisions by the re-enactment of the same words in the Tariff Act of 1930.

For the reasons hereinbefore stated we hold that the provision for "articles * * * composed wholly or in chief value of glass" in par. 218 (f) is more specific to the imported tubes than the provision for "Articles * * * composed wholly or in part of * * * graphite" in par. 216.

The judgment appealed from is *affirmed*.

JACKSON, J., sat for COLE, J., disqualified.