*In re* MILLS *et al.*

*(Circuit Court, S. D. New York.   December 4, 1891.)·*

CUSTOMS DUTIES—CLASSIFICATION—ELASTIC CORDS AND BRAIDS—SILK AND INDIA RUB-
BER—SILK CHIEF VALUE.

Elastic cords and braids, manufactured of silk and India rubber, silk being the
component material of chief value, are dutiable at 50 per centum *ad valorem,*
under Schedule L, tariff act of March 3, 1883, (Heyl, Tariff Ind., New, par. 383,) and
not at 30 per centum *ad valorem,* under the provision for India rubber fabrics, etc.,
in Schedule N of said tariff act, (Heyl, Tariff Ind., New, par. 453.)

At Law.

Application by the collector of the port of New York, under the pro-
visions of section 15 of the act of congress of June 10, 1890, entitled
"An act to simplify the laws in relation to the collection of the revenues,"
for a review by the United States circuit court of the decision of the
board of United States general appraisers at the port of New York, re-
versing the decision of the collector of said port relating to the classifica-
tion for duty of certain elastic cords and braids, which were entered at
said port by the importers July 28, 1890, and were classified for duty
by the collector as "manufactures of silk and India rubber, silk chief
value," and duty accordingly assessed thereon at the rate of 50 per
centum *ad valorem* under Schedule L of the tariff act of March 3, 1883,
(Heyl, Tariff Ind., New, par. 383,) which provision is as follows:

"All goods, wares, and merchandise, not specially enumerated or provided
for in this act, made of silk, or of which silk is the component material of
chief value, fifty per centum *ad valorem.*"

Against this classification the importers duly protested, claiming that
the merchandise was dutiable at no more than 30 per centum *ad valorem*
under the provision in Schedule N of said tariff act, (Heyl, Tariff Ind.,
New, par. 453,) which is as follows:

"India rubber fabrics, composed wholly or in part of India rubber, not
specially enumerated or provided for in this act, thirty per centum *ad va-
lorem.*"

The board of United States general appraisers in their decision sus-
tained the protest of the importers, and reversed the decision of the
collector, finding as matters of fact that "the merchandise consisted of
fabrics in the piece, composed of silk and India rubber, of which the
silk was the component of chief value; that it was invoiced as elastic
braids and elastic cords, and belongs to a class of goods commonly and
commercially known as 'India rubber fabrics.'" The collector procured
the return of the board of United States general appraisers to be filed in
the circuit court, pursuant to the above-mentioned statute of June 10,
1890, and thereafter further procured an order of the court referring the
matter to one of the said board of general appraisers as an officer of the
court to take testimony therein, no testimony having been taken in the
proceedings before the board of general appraisers.   Upon the reference
it was proved in behalf of the collector and the government by competent
trade witnesses that in March, 1883, and immediately prior thereto, the

merchandise in question was known in the trade as "silk elastic strands" or "silk braid," "satin oval braids or elastics," and "silk elastic cord," and that these articles were never known at that time in the trade as "India rubber fabrics." It appeared also by the trade testimony that, so far as the term "India-rubber fabrics" had any specific meaning in trade, it applied to a class of dry goods which were commonly non-elastic. It also appeared that the articles involved in this proceeding came in the piece, running about 36 yards in length, wound on cards, and a quarter gross in a box. On the trial it was contended on behalf of the government that the testimony of the trade witnesses examined before the officer of the court had disproved the fact found by the board of general appraisers that these articles were known in the trade as "India-rubber fabrics;" that the term "India-rubber fabrics," as used in the statute, not having any distinct or special trade signification, was not as specific a designation of the merchandise as the description, "all goods, wares, and merchandise not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value," as contained in paragraph 383 of the Silk Schedule L; and that under the decision of the United States supreme court in the case of *Hartranft* v. *Meyer*, 135 U. S. 237, 10 Sup. Ct. Rep. 751, the enumeration in the silk paragraph was a special enumeration, rather than the term "India-rubber fabrics," as used in paragraph 453; and consequently that the rate of duty provided for in the silk schedule as assessed by the collector was the correct one, and that the decision of the board of general appraisers should therefore be reversed.

*Edward Mitchell*, U. S. Atty., and *James T. Van Rensselaer*, Asst. U. S. Atty., for collector and the United States.

*Curie, Smith & Mackie*, for importers.

LACOMBE, Circuit Judge. These articles seem fairly within the dictionary meaning of the word "fabric," and I do not find sufficient in the testimony of the trade witnesses to show a specific trade meaning for the term "India-rubber fabrics," such as would take these out of such ordinary meaning. The word "fabric" is rather a broad one in common speech. It is certainly as broad, if not broader, than the word "cloth." I feel constrained by the decision in the supreme court in *Hartranft* v. *Meyer*, 135 U. S. 237, 10 Sup. Ct. Rep. 751, to reverse the decision of the board of general appraisers in this case, in view of the fact that the court in that case had before them a cloth which was composed in part of wool, and still found that it was dutiable under the provision of Schedule L, for the reason that silk was the component material of chief value. It appears that silk is the component of chief value in this case, and I understand that I am but following the rule of the supreme court in holding that the silk clause should control here as against the term "India-rubber fabrics," just as in the other case it controlled the classification of a "cloth" which was "composed in part of wool." The decision of the board of appraisers is reversed, and the articles should be classified under paragraph 383. This decision applies to the articles covered by the collector's appeal.