### UNITED STATES v. CHARLES A. JOHNSON & CO.

(Circuit Court of Appeals, Second Circuit. November 8, 1907.)

No. 60 (4,289).

CUSTOMS DUTIES—CLASSIFICATION—FLAX-WOOL FABRICS.

The provision in the silk schedule in Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 391, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], "that all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool," is limited to goods of which silk is a component, and does not include flax-wool fabrics.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 154 Fed. 752, affirming decisions of the Board of United States General Appraisers which had sustained the importers' protests against the assessment of duty by the collector of customs at the port of New York.

The case involves consideration of the following provisions of Tariff Act July 24, 1897, c. 11, § 1 (Schedule J, par. 346; Schedule K, par. 366; and Schedule L, par. 391, 30 Stat. 181, 184, 187 [U. S. Comp. St. 1901, pp. 1663, 1666, 1670]):

"346. Woven fabrics * * * composed of flax, hemp, or ramie, or of which these substances or either of them is the component material of chief value."

"366. * * * Cloths * * * made wholly or in part of wool."

"391. All manufactures of silk, or of which silk is the component material of chief value, * * * and all Jacquard figured goods in the piece: * * * provided, that all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool."

The material in controversy consists of woven fabrics of flax and wool, the former being the component material of chief value. It was classified as "cloths * * * in part of wool," under said paragraph 366; the theory of this classification being that it was required by the terms of the proviso in said paragraph 391, as the goods were "manufactures of which wool is a component material." The importers contended that classification should have been given under the provision in said paragraph 346 for "woven fabrics * * * of which [flax] is the component material of chief value." At the argument the government urged that the proviso was intended to cover all fabrics of which wool is a component, and that it had been located at that point in the tariff which would naturally be assigned to a provision intended

to have this scope, being placed at the end of the four fabric schedules of the act, namely, I, J, K, and L, which embrace paragraphs 309 to 392, inclusive, and relate, respectively, to cotton goods (Schedule I), to linens and other manufactures of vegetable fiber (Schedule J), to woolens (Schedule K), and to silk goods (Schedule L).

In support of the collector's classification the government cited the decision of this court in Rouss v. U. S., 120 Fed. 1021, 56 C. C. A. 684, affirming a decision by Judge Coxe in U. S. v. Rouss (C. C.) 113 Fed. 816. It was there held that articles of cotton and wool, cotton predominating largely in value, were properly classified as "manufactures made wholly or in part of wool," under said paragraph 366, which is the paragraph under which the merchandise in this case was classified, and were not dutiable under paragraph 322, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], as "manufactures of cotton." Other decisions by Judge Coxe to the same effect, cited by the government, were Vandegrift v. U. S. (C. C.) 113 Fed. 816, and Converse v. U. S. (C. C.) 113 Fed. 817. Counsel for the importers relied on the decision by Judge Townsend, in the Circuit Court, Southern District of New York, in U. S. v. Slazenger, 113 Fed. 524, and on the decision by the Circuit Court of Appeals, First Circuit, in 154 Fed. 770. In these cases it was held that the influence of the proviso does not extend outside of the paragraph in which it is placed.

Note U. S. v. Scruggs, Vandervoort & Barney Dry Goods Co., 156 Fed. 940.

J. Osgood Nichols, Asst. U. S. Atty.

Hatch & Clute (Walter F. Welch, of counsel), for importers.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The single point in this case has been decided adversely to the government in the Circuit Court of Appeals, First Circuit (154 Fed. 770); and we see no reason to differ from its conclusion.