BOUGH v. UNITED STATES (No. 2528)[1]

RELATIVE SPECIFICITY—ARTICLES OF BAMBOO—MANUFACTURES OF PAPER—
UMBRELLAS OF BAMBOO AND PAPER.

The provision of paragraph 407, Tariff Act of 1922, for "articles not specially provided for, wholly or partly manufactured of * * * bamboo," is more specific than that of paragraph 1313, for "manufactures of paper, or of which paper is the component material of chief value, not specially provided for," or that of paragraph 1305 "for all other articles, composed wholly or in chief value of any of the foregoing papers, not specially provided for." Consequently umbrellas in chief value of paper, with frames of bamboo, are dutiable under paragraph 407, rather than 1313 or 1305. *United States* v. *Altman*, 107 Fed. 15, and *United States* v. *Rouss*, 113 Fed. 816, criticized.

United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, Abstract 48268

[Affirmed.]

*John Giblon Duffy* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

[Oral argument March 31, 1926, by Mr. Duffy and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Honcan Bough imported on December 18, 1923, certain Chinese umbrellas. The collector at the port of New York classified them for duty as articles not specially provided for, wholly or partly manufactured of bamboo, at 45 per centum ad valorem, under paragraph 407 of the Tariff Act of 1922. The importer protested, claiming the goods to be dutiable as manufactures of paper, at 35 per centum ad valorem, under paragraph 1313 of said act, and with alternative claims under paragraph 399, as manufactures of metal, under paragraph 1459 as unenumerated manufactured articles, under paragraph 410 as manufactures of wood, under paragraph 1439 as manufactures of rubber, and under paragraph 1305 as articles composed of surface-coated papers. On the argument, these various claims were abandoned except those made under paragraphs 1313 and 1305.

On the hearing before the Board of General Appraisers the importer testified, without contradiction, that the component material of chief value was paper; that the cost of one of the completed umbrellas was 40 cents, Chinese; that the cost of the paper was 18 cents, and the cost of the bamboo was 7 cents. The board sustained the classification of the collector and the importer appeals.

The only question involved here is one of law, namely, the articles imported being in part of bamboo but in chief value of paper, should

---

[1] T. D. 41575.

they be classified as articles not specially provided for, partly manufactured of bamboo, or as manufactures in chief value of paper, not specially provided for?

The material portions of paragraphs 407 and 1313 are as follows:

PAR. 407. * * * all articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier, or willow, 45 per centum ad valorem.

PAR. 1313. * * * manufactures of paper, or of which paper is the component material of chief value, not specially provided for, all the foregoing, 35 per centum ad valorem.

In *Hartranft* v. *Meyer*, 135 U. S. 237, the court had before it certain fabrics, in part of wool and in chief value of silk. The competing provisions of applicable law were Schedule K of the tariff act of March 3, 1883, which provided for a duty upon "manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for in this act," and Schedule L of the same act providing a duty upon "all goods, wares, and merchandise, not specially enumerated or provided for in this act, made of silk or of which silk is the component material of chief value." The court there called attention to the fact that the two competing provisions were equally specific in all respects except as to the designation of the component materials. But in that respect, basing its decision upon *Solomon* v. *Arthur*, 102 U. S. 208, the court held the language "made of silk, or of which silk is the component material of chief value," to be a more restricted and specific designation than "made wholly or in part of wool."

The principle announced in the *Hartranft* case was followed and applied in *In re Mills*, 49 Fed. 726, and *United States* v. *Johnson & Co.*, 154 Fed. 752, affirmed in *United States* v. *Johnson & Co.*, 157 Fed. 754.

Counsel cites *United States* v. *Altman*, 107 Fed. 15, as holding to a contrary doctrine. In that case Lacombe, J., held, under the tariff act of July 24, 1897, that a provision for "wearing apparel * * * made wholly or in part of lace," was more specific than "wearing apparel * * * of which cotton * * * is the component material of chief value." Along a similar line is *United States* v. *Rouss*, 113 Fed. 816. These cases, we believe, are in conflict with the better authority on the subject and have never been followed by this court.

The question of the relative specificity of similar sections of the law first came under observation by this court in *United States* v. *Vandegrift*, 3 Ct. Cust. Appls. 161. There certain cloth, in part of wool but in chief value of india rubber, was returned for duty under paragraph 378 of the tariff act of August 5, 1909, which paragraph provided for cloth, knit fabrics, and manufactures made wholly or in part of wool, not specially provided for. The importer claimed

the material to be dutiable under paragraph 463 of the same act as manufactures of india rubber "or of which these substances or any of them is the component material of chief value, not specially provided for." The court approved the doctrine announced in *Hartranft* v. *Meyer, supra,* but held that the material imported was more specifically described as "cloth" in paragraph 378 than as "manufactures" in paragraph 463, and hence held it properly classifiable under the first-named paragraph.

In *United States* v. *Guthman, Solomons & Co.,* 159 Fed. 273, the competing provisions were paragraphs 408 and 450 of the tariff act of July 24, 1897, which provided, respectively, for "articles not specially provided for in this act, composed wholly or in part of beads or spangles" and "manufactures of leather * * * or of which these substances or either of them is the component material of chief value, not specially provided for in this act." The court held that the word "articles" used in the former paragraph was a more specific designation than the general word "manufactures" found in the latter, and accordingly directed a classification under said paragraph 408.

In *Loewenthal & Co.* v. *United States,* 6 Ct. Cust. Appls. 209, this court reviewed the various authorities and reiterated its adherence to the doctrine announced in *Hartranft* v. *Meyer, supra.* The case of *United States* v. *Guthman, supra,* was also discussed and the court pointed out that this last-named case went off on the relative specificity of the words "articles" and "manufactures" and expressly approved the principles of law there announced (p. 218).

The court below came to the same conclusion in the case of *Calumet Manufacturing Co.,* T. D. 39938, 44 Treas. Dec. 403.

This brings us to the case at bar. The competing provisions here are "articles not specially provided for, wholly or partly manufactured of bamboo," and "manufactures of paper, or of which paper is the component material of chief value." Under the doctrine announced in the cases cited, the former is the more specific and must prevail.

The judgment of the court below is therefore *affirmed.*