United States *v.* Foo Chow Importing Co. (No. 2795)[1]

Mah-Jong Sets—Relative Specificity—Articles in Part of Bamboo and Manufactures of Bone—Presumption Favoring Collector.

Mah-jong sets of bone and bamboo, bone chief value, were assessed by the collector as manufactures of wood, under paragraph 410, Tariff Act of 1922, and claimed to be manufactures of bone, under paragraph 1439. As between the two, paragraph 1439 is controlling. But, under *Bough* v. *United States,* 14 Ct. Cust. Appls. 60, T. D. 41575, the provision of paragraph 407, for articles partly manufactured of bamboo is more specific, and the collector's classification, though erroneous, must stand.

United States Court of Customs Appeals, March 9, 1927

Appeal from Board of United States General Appraisers, Abstract 51992

[Reversed.]

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

[Oral argument December 7, 1926, by Mr. Lawrence]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Barber, Judge, delivered the opinion of the court:

The importation here consists of 121 mah-jong wooden boxes with the necessary tiles to make that number of complete mah-jong sets and 226 empty like boxes without the tiles. The tiles are com-

-----

[1] T. D. 42055.

posed of bone and bamboo, the former being the component of chief value.

Apparently all the boxes were assessed by the collector under paragraph 410 of the Tariff Act of 1922 as manufactures of which the component material of chief value is wood.   Presumably, although the record does not definitely so show, the tiles were separately assessed on the theory that the sets were not entireties.

Importer protested, claiming that the boxes and the tiles were dutiable as entireties as manufactures of bone under paragraph 1439.   It is stipulated by counsel that they are entireties.

The relevant parts of the respective paragraphs are as follows:

410.  *  *  *  manufactures of wood  *  *  *  or of which wood  *  *  * is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

1439. Manufactures of bone  *  *  *  or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem.

Importer's protest, so far as it relates to the 226 empty boxes, was abandoned before the board and is not considered here.

The Board of General Appraisers, now the United States Customs Court, sustained importer's claim as to the 121 complete sets, holding that they were entireties and properly dutiable under paragraph 1439.

In this court the importer does not appear.   The Government contends that the merchandise was not properly classified by the collector and also that the judgment below should be reversed, claiming that the 121 sets, being composed in part of bamboo, should have been classified under paragraph 407 of the act which provides for—

*  *  *  all articles not specially provided for, wholly or partly manufactured of  *  *  *  bamboo  *  *  *  45 per centum ad valorem—

relying as authority for that claim upon *Bough* v. *United States*, 14 Ct. Cust. Appls. 60, T. D. 41575.

If the classification of these entireties were to be determined as between paragraphs 410 and 1439, the latter is controlling, because the evidence establishes that the component material of chief value is bone.   However, in the *Bough* case practically the precise question of law was before us as here, and it was held, in accordance with well-considered authorities, which were fully reviewed, that where the competition was between two paragraphs, one providing for *articles* composed wholly or in part of a specified material, and another for *manufactures* of which a specified material was the component of chief value, the former was the more specific and would control.

Tested by that rule it follows that the merchandise involved in this appeal, 121 complete mah-jong sets, which were stipulated by counsel below to be entireties, and so regarded by the board, each of which is concededly composed in part of bamboo, although bone is the component material of chief value, are classifiable under paragraph 407.

The result is that, without approving the collector's classification, the judgment below as to such sets is *reversed*.