(C. D. 82)

GELLMAN BROTHERS *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 20, 1939)

*G. W. R. Wallace; Barnes, Richardson & Colburn (Joseph Schwartz* and *Joseph B. Taylor* of counsel), for the plaintiffs.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before McClelland, Sullivan, and Brown, Judges; Brown, J., concurring; McClelland, P. J., not participating

Sullivan, Judge: The merchandise in question appears on the invoice as follows:

2151  400 grs. paper flying bird only, ¥1.52_____ ¥608. 00

\*  \*  \*  \*  \*  \*  \*

2151  400 Grs. 33″ decorated bamboo stick for flying bird, ¥.50___ ¥200. 00

Above the item of "bamboo stick" is written in red ink, evidently by the examiner, "For above bird." The two items are joined by a red ink bracket, outside of which is written in red ink "Toys, n. s. p. f. @ 70% Par. 1513."

The protest is against the assessment of duty by the collector at St. Paul, Minn., on the "Bamboo sticks" only, and claims that they are free of duty under paragraph 1806 of the Tariff Act of 1930. This paragraph provides for free entry of sticks of bamboo, among other things, "in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes."

By amendment a claim has been added to the protest that the merchandise is dutiable at 45 per centum under paragraph 409 of the same act. This paragraph covers, among other things, "articles not specially provided for, wholly or partly manufactured of \* \* \* bamboo \* \* \*."

The official sample, Exhibit 1, consists of two short thin sticks of bamboo colored green, and partially wound spirally with strips of white and red paper.

At the opening of the trial in Minneapolis plantiffs' counsel, after stating the assessment and specifying the merchandise as covered by the invoice, stated as follows:

The collector assessed the stick and the bird as an entirety. It is our contention that the stick and the bird are separately dutiable, and, specifically, our contention is that the stick is dutiable as a manufacture of bamboo, at 45 percent, under paragraph 409. The protest is limited to that.

Plaintiffs' witness Gellman, a partner in the plaintiffs' firm, testified he is familiar with the item described on the invoice as "33 inch decorated bamboo stick for flying bird." He produced a sample thereof which was received in evidence as Exhibit 1. He was also familiar with the item described as "flying bird" on the invoice, and produced a sample thereof, which was marked "Illustrative Exhibit A."

It was stipulated that Exhibit 1 "is partly manufactured of bamboo, and is in chief value of bamboo."

He further testified that he is familiar with the use to which Exhibit 1 is put, and *that it is used with the bird* as follows:

The vendor usually takes the string that is attached to the bird, and takes that cane and cuts a little slit in the top of the cane, and then ties the string around it and seals it with the stick, so that the boy can swing the bird around with the stick.

He further testified that as imported a slit is not cut in the stick, and the street vendor must make one, or, in other words, "He takes a pocket knife usually and makes one himself"; that when the stick and bird are used together in the manner described they are *chiefly used for the amusement of children*; that the bird, Illustrative Exhibit A, can be used without the stick; that "it is used by the string here, just whirled around the same way you would as if it were on a stick." He further testified:

I can even enlarge on that a little bit. They have even gone so far as using that same bird in connection with 24-inch bamboo balloon sticks we have that we sell in connection with toy balloons, and they have taken that stick, Exhibit 1, and used that as a novelty cane; and they have gone ahead and attached fur monkeys and celluloid dolls on to that cane. For instance, last year was an illustration of that, when we were short of bamboo canes from Japan. The vendors that would purchase that article from us would also buy these 24-inch bamboo balloon sticks, which were domestic make, and attach the birds to those sticks, and then used these for canes, instead of the regular type bamboo canes they were unable to secure.

It was brought out on cross-examination that the birds and sticks as invoiced in this case are in equal amounts, that is, 400 gross each; and that they are contained in separate packages; that the purpose of the plaintiffs in importing them was that they would be used together, and that in the majority of cases they are used together; that it was not the witness's intention at the time of importation to use the bird and stick separately; and that he "intended them and imported them to be used together."

Mr. Gellman was the only witness.

The question then is, Are these bamboo sticks dutiable separately as manufactures of bamboo, as contended by plaintiffs; or are they more properly dutiable as classified by the collector as toys, as entireties with the birds?

In the case at bar the following indicate that these bamboo sticks and birds are entireties:

(1) The presumption of correctness attaching to the action of the collector, which instead of having been overcome by plaintiffs is somewhat strengthened by the facts in this case.

(2) The invoice description, which indicates that there are 400 gross of birds and 400 gross of sticks, and that these bamboo sticks are "for flying bird."

(3) The testimony of Mr. Gellman that the purpose in importing them was that the birds and sticks be used together; that in the majority of cases they are used together; and that it was not the intention at the time of importation to use the bird and stick separately, but that plaintiffs "intended and imported them to be used together."

In *Altman* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, the court said, after citing cases (p. 318):

A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

It will be observed that according to the statement of plaintiffs' counsel at the trial the entirety question is the only issue. In other words, that the bird and stick are not dutiable as entireties, but that each is dutiable separately. The classification of the collector of the entirety (if it is an entirety) as a toy, or an article chiefly used for the amusement of children *has not been disputed by plaintiffs*. Therefore, if this is an entirety, and we think it is, the collector's classification stands.

The plaintiffs in their brief have cited, among other cases, *Hartranft* v. *Meyer*, 135 U. S. 237, and *Bough* v. *United States*, 14 Ct. Cust. Appls. 60, T. D. 41575.

The question in the *Hartranft* case, *supra*, was as to which of two provisions, viz, a provision for cloths "wholly or *in part of wool*," or a provision "goods * * * not specially enumerated or provided for in this Act, * * * of which silk was the component material *of chief value*," was more applicable to certain matelasse cloth, composed of silk, cotton, and wool, silk being the component material of chief value. The provisions involved of the Tariff Act of 1883 were paragraphs 362 and 383. The wool paragraph (362) carried a duty of 35 cents per pound and 35 per centum ad valorem; the silk paragraph (383) a duty of 50 per centum ad valorem. The Supreme Court held that the silk provision prevailed, and in quoting from the judgment of the Circuit Court, said:

* * * the statute was in substance to be read thus: "All manufactures of wool of every description, not especially enumerated or provided for in this Act, shall be subject to a duty of thirty-five cents per pound and thirty-five per centum *ad valorem;* but if silk is the component material of chief value, they shall be subject to a duty of fifty per cent ad valorem." We think this construction harmonizes the two sections better than any other, and gives force to the intent of Congress.

That case is not at all applicable to the entirety issue raised in this case.

The same is true of the *Bough* case, *supra*, wherein it was held that the provision of paragraph 407, Tariff Act of 1922, for "articles not specially provided for, wholly or partly manufactured of * * * bamboo," was more specific than that of paragraph 1313 for "manufactures of paper, or of which paper is the component material of chief value," etc., and that umbrellas in chief value of paper, with

bamboo frames, were dutiable under paragraph 407, rather than under 1313. The court cited many authorities, among them the *Hartranft* case, *supra*.

The plaintiffs have cited many authorities of a similar nature to the above in its brief, not at all applicable to the entirety issue. They call attention at page 10 of their brief to the fact that the bamboo sticks in question "are partly manufactured of bamboo and are in chief value of bamboo," and that "This brings the merchandise within the precise wording of paragraph 409, Tariff Act of 1930." The brief then continues as follows:

The doctrine the Court of Customs Appeals first enunciated in the Hartranft case, supra, and followed in many cases since, including the Bough case, supra, compels the conclusion that on relative specificity manufactures of bamboo is more specific than toys, and thus is the correct classification.

The *Hartranft* case, *supra*, is not authority for the contention that a provision for articles in part of bamboo should override a provision for toys. The *Bough* case merely indicates that a provision for articles in part of bamboo overrides a provision for articles in chief value of paper. It is not an authority on the entirety issue, nor on the toy question.

Even if "articles in part of bamboo" was more specific than a provision for toys, which, of course, is not the case, the following quotation from paragraph 1513 would dispose of this contention of plaintiffs:

The rates provided for in this paragraph shall apply to articles enumerated or described herein [toys, etc.], whether or not more specifically provided for elsewhere in this Act. [The words "toys, etc." in brackets ours.]

The latest authority we have been able to find on the relative specificity of "in part of" and "in chief value of" is *George Borgfeldt* v. *United States*, T. D. 45668, 61 Treas. Dec. 1003, reversed in 21 C. C. P. A. 170, T. D. 46496. That case involved certain dolls clothed in cotton net, or composed *in part of* cotton net. The dolls were also *in chief value* of celluloid. The question was whether "*in part of*" was more specific than "*in chief value of.*" We held it was and that the dolls were classifiable under paragraph 1513 as dolls composed in any part, however small, of any of the articles provided for in paragraph 1529 (a) at 90 per centum ad valorem, rather than under the same paragraph (1513) as dolls composed wholly or in chief value of celluloid at 1 cent each and 60 per centum ad valorem. We cited many authorities supporting our conclusion. The appellate court, however, reversed us, and held that each provision was equally specific, and said:

The mandatory provisions of paragraph 1559 require that if the specificity is equal in the two provisions, when applied to the merchandise being considered, classification of the same must be under the second one ["Dolls * * * composed wholly or in chief value of" celluloid] since it provides for a higher rate of duty. [Words in brackets ours.]

The court called attention to the fact that "1 cent each and 60 percent" was equivalent to about 165 per centum which, of course, is much higher than 90 per centum. Therefore, in that case "in chief value of" was considered more specific than "in part of," by reason of the mandatory provisions of paragraph 1559.

Therefore, even if plaintiffs were correct in their contention that "in part of bamboo" is more applicable than "toys" to these entireties, which, of course, is not the case, the toy provisions would prevail by reason of the higher rate of duty.

None of the authorities cited by plaintiffs on pages 4, 5, and 6 of their brief is relevant to the entirety issue involved in this case.

The first authority cited by plaintiffs on entireties (page 7 of their brief) is Abstract 36949 being *Montgomery Ward & Co.* v. *United States*, 72 Treas. Dec. 904, relating to binoculars and cases therefor. It was testified it was not necessary to have the case, except as a convenient method of carrying the binoculars, and that the binoculars could be used without the cases. The cases and binoculars were therefore held not to be entireties. That is not true in the case at bar, where the purpose of the importation was that the birds and bamboo sticks be used together, and not separately.

It is unnecessary for us to expatiate on the many other authorities cited by plaintiffs on entireties. All can be distinguished from the case at bar. Each case must stand on its own bottom. The testimony readily adjusts itself to the fact that this "decorated bamboo stick for flying bird" is an entirety with the "paper flying bird," so considered by plaintiffs, and intended and imported to be used together. The fact that a slit would be cut in the end of the stick by the vendor does not in any way detract from the fact that these sticks and the birds accompanying them are entireties. We think the evidence amply sustains the action of the collector.

The protest is overruled. Judgment for defendant.

BROWN, Judge: I concur.