UNITED STATES *v.* GARLOCK PACKING CO. (No. 4471)[1]

---

[1] C. A. D. 289.

United States Court of Customs and Patent Appeals, October 30, 1944

*Paul P. Rao*, Assistant Attorney General (*Alfred A. Taylor, Jr.* and *Joseph F. Donohue*, special attorneys, of counsel), for the United States.

*Brooks & Brooks* (*Frederick W. Brooks* of counsel) for appellee.

[Oral argument October 5, 1944, by Mr. Donohue; submitted on brief by appellee]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, holding certain so-called "engine packing," composed in chief value of asbestos yarn, 2 per centum or more of graphite, and varying percentages of oils, dutiable as manufactures of asbestos yarn at 20 per centum ad valorem under paragraph 1501 (a)

of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom (T. D. 49753, 74 Treas. Dec. 253), as claimed by the importer (appellee), rather than as articles, composed wholly or in part of graphite, not specially provided for, at 30 per centum ad valorem under paragraph 216 of the Tariff Act of 1930, as modified by the French Trade Agreement (T. D. 48316, 69 Treas. Dec. 855).

The provisions in question are identical with the corresponding provisions in the Tariff Act of 1930, except as to the rates of duty provided.

Paragraph 216, so far as pertinent, and paragraph 1501 (a), as modified, read:

| Tariff Act of 1930 paragraph | Description of article | Rate of duty |
| --- | --- | --- |
| 216 | Articles or wares composed wholly or in part of carbon or graphite, wholly or partly manufactured, not specially provided for. | 30% ad val. |

| Tariff Act of 1930 paragraph | Description of article | Rate of duty |
| --- | --- | --- |
| 1501 (a) | Yarn, slivers, rovings, wick, rope, cord, cloth, tape, and tubing, of asbestos, or of asbestos and any other spinnable fiber, with or without wire, and all manufactures of any of the foregoing. | 20% ad val. |

There is no dispute as to the facts in the case, and the issue involved is solely one of law. The question presented is whether the provision in paragraph 1501 (a), *supra*, for all manufactures of any of the foregoing, that is, yarn of "asbestos, or of asbestos and any other spinnable fiber," is a more specific designation for the merchandise here involved than the provision for articles composed wholly or in part of graphite, not specially provided for, contained in paragraph 216, *supra*.

In its decision, the trial court quoted at length from the decision of this court in the case of *H. N. Hill* v. *United States*, 26 C. C. P. A. (Customs) 295, C. A. D. 31, where it was held, among other things, that the provision in paragraph 1501 (a) of the Tariff Act of 1930, which, as hereinbefore noted, has been modified only as to the rate of duty by the trade agreement with the United Kingdom, required only that the manufactures provided for in that paragraph should be composed in chief value of asbestos or of asbestos and any other spinnable fiber of yarn, slivers, etc. In this connection, we said:

Standing alone, the paragraph does not seem to require that the asbestos shall be the component of chief value of an article composed "of asbestos and any other spinnable fiber," or of a "manufacture" therefrom.

\*     \*     \*     \*     \*     \*     \*

Paragraph 1501 (a) has no limitation with respect to value or chief value. The articles therein provided for may be composed wholly of asbestos or partly of asbestos and any other *spinnable* fiber.

We quote from the trial court's decision as follows:

Without question the phrase "all manufactures of any of the foregoing" contained in paragraph 1501 (a) is limited to the *eo nomine* articles expressly covered by

that paragraph. In paragraph 216 the language: "articles or wares composed wholly or in part of * * * graphite, wholly or partly manufactured, not specially provided for," is not so limited, but extends to any article or ware containing graphite, not specially provided for elsewhere in the tariff act. As manufactures of asbestos yarn, irrespective of other ingredients therein, are provided for *eo nomine* in paragraph 1501 (a), that provision would appear to be more specific, inasmuch as it is limited in its application to yarn or other articles therein named "of asbestos." Therefore, in view of the fact that the provision for graphite contains the clause "not specially provided for," the intention of Congress not to include in paragraph 216 manufactures of asbestos yarn containing graphite becomes clear. As stated in *United States* v. *Snow*, 6 Ct. Cust. Appls. 120, T. D. 35388, at page 126:

> The presence of this term in a given paragraph advises the customs authorities that merchandise otherwise within the paragraph *may* be elsewhere classified, because elsewhere provided for. If the provision found elsewhere is *eo nomine*, and the one in which the above term is found is general, the *eo nomine* provision will control, because the more specific, * * *.

Even though the foregoing paragraphs, 1501 (a) and 216, equally applied to the merchandise here, the provisions of paragraph 1501 (a) would prevail on account of the presence of the phrase "not specially provided for" in paragraph 216. Under similar circumstances, our appellate court, in the *Snow* case, *supra*, stated as follows:

> In *Hall* v. *United States* (T. D. 25340) a decision of the Board of General Appraisers was affirmed. In the decision of the board by De Vries, G. A., discussing the effect of the term "not specially provided for," it was said in substance that if two provisions were equally applicable to merchandise the presence in the one and the absence in the other of that term would determine its classification, but that it was only invoked to determine a doubt between equally applicable provisions of law. We think this manifestly is the sound rule * * *.

It is contended here by counsel for the Government that the provision for articles composed wholly or in part of graphite is a more specific designation for merchandise like that here involved than is the provision for manufactures of yarn, slivers, etc., of asbestos and any other spinnable fiber; that the term "articles" is more specific than the term "manufactures"; that the provision for "manufactures" is not an *eo nomine* designation but is a "catch-all provision" and one of general description only; and that, therefore, the clause "not specially provided for" contained in paragraph 216, *supra*, which does not appear in paragraph 1501 (a), *supra*, does not affect the relative specificity of the competing provisions.

In its decision, the trial court, citing the case of *United States* v. *Snow*, 6 Ct. Cust. Appls. 120, T. D. 35388, correctly stated that the clause "not specially provided for" lessens the relative specificity of a provision only where the competing provisions are otherwise *equally applicable to involved merchandise*, or where the merchandise is *eo nomine* provided for in a *competing provision*.

The decision of the trial court was based upon the theory that the term "manufactures of," contained in paragraph 1501 (a), *supra*, was an *eo nomine* designation and, therefore, was more specific than the provision for "articles," contained in paragraph 216, *supra*.

The difficulty with the trial court's position, as we see it, is that the subject of the provision in paragraph 1501 (a), *supra*, is not yarn, slivers, etc., but is "all manufactures of" yarn, slivers, etc., composed wholly "of asbestos" or partly "of asbestos and any other spinnable fiber." The provision is not an *eo nomine* provision for yarn, but is merely descriptive of the articles or *materials* intended to be covered thereby. See *Loewenthal & Co.* v. *United States*, 6 Ct. Cust. Appls. 209, 217, 218, T. D. 35464.

The term "articles," as used in paragraph 216, *supra*, is a more specific designation than the term "manufactures of," as used in paragraph 1501 (a), *supra*. *Bough* v. *United States*, 14 Ct. Cust. Appls. 60, T. D. 41575, and cases therein cited. Accordingly, we are of opinion that the provision for articles or wares, composed wholly or in part of graphite, contained in paragraph 216, *supra*, although accompanied by the clause "not specially provided for," is a more specific designation for the merchandise here in question than is the provision for manufactures of yarn of asbestos or of asbestos and any other spinnable fiber, contained in paragraph 1501 (a), *supra*.

We have examined the legislative history of the paragraphs in question and find nothing therein to indicate a contrary intention.

For the reasons stated, the judgment is *reversed*.