(C. D. 1744)

D. N. & E. Walter & Co.
Hoyt, Shepston & Sciaroni } *v.* United States

United States Customs Court, First Division

(Decided December 28, 1955)

*Lawrence & Tuttle (Charles F. Lawrence* and *George R. Tuttle* of counsel) for the plaintiffs.

*Warren E. Burger,* Assistant Attorney General (*William J. Vitale* and *Mollie Strum,* trial attorneys), for the defendant.

Before Oliver, Mollison, and Wilson, Judges

Mollison, Judge: The merchandise the subject of this protest is described on the invoice as "Shading material: Higo Blind, Inside Peel, Natural color, without pulleys & cord." It was classified by the collector under the provision in paragraph 409 of the Tariff Act of 1930 for—

\* \* \* all articles not specially provided for, wholly or partly manufactured of \* \* \* bamboo \* \* \*

and assessed with duty at the rate of 45 per centum ad valorem accordingly. The protest claim is for duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the same act, as modified by the Presidential proclamation carrying out the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, for—

Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for * * *.

An alternative claim for duty at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the said act for—

* * * all articles manufactured, in whole or in part, not specially provided for, * * *

is also pressed.

The protest describes the merchandise at bar as "bamboo blind or drapery material," and this description would seem to be apt and proper. As shown by exhibits 1 and 1–A, coupled with the testimony of the sole witness called to testify, it consists of narrow strips of bamboo, 7 feet, or 7 feet 6 inches, long, with a stitching or weaving of cord at 2-inch intervals, holding the strips parallel with each other and forming a sheet of material 100 feet long. The material is used much as cloth would be used in the manufacture of draperies, window shades, floor screens, cornices, window curtains, and like articles.

Basically, it is the plaintiffs' contention that the term "articles," as used in the provision under which the merchandise was classified by the collector, has been judicially interpreted to have a narrow and restricted sense (citing *Bough* v. *United States*, 14 Ct. Cust. Appls. 60, T. D. 41575), and that, under such narrow and restricted sense, it does not include materials for further manufacture but includes only partially or completely finished things ready for or dedicated to their ultimate use.

The defendant's position is that the term "articles," as used in paragraph 409, *supra*, includes both materials and completely finished things, wholly or partly manufactured of bamboo, and that that term is relatively more specific in its application to the merchandise at bar than either of the tariff provisions under which plaintiffs claim.

Counsel for the parties have cited numerous cases wherein the term "articles," as used in various provisions of tariff acts, was the subject of consideration, both as to its scope and as to its relative specificity, when in competition with other tariff designations. In many of the cited cases, the word "articles" was not used in conjunction with language which is analogous to that found in paragraph 409, *supra*, and, in many of the cases, the situation with respect to competing tariff terms was not similar to that in the case at bar.

Insofar as the scope of the term is concerned, *Junge* v. *Hedden*, 146 U. S. 233, 36 L. ed. 953, is authority for the statement that—

In common usage, "article" is applied to almost every separate substance or material, whether as a member of a class, or as a particular substance or commodity.

—in other words, that the term in its broad sense may apply to crude, processed, or partly or wholly manufactured things. The same and other cases have recognized that the word "articles," depending upon the context of the paragraphs with which it is associated, may have a less comprehensive or narrower signification. *United States* v. *Eimer & Amend*, 28 C. C. P. A. (Customs) 10, 12–13, C. A. D. 117.

*Bough* v. *United States, supra*, relied upon by the plaintiffs herein, was a case involving the predecessor provision, in paragraph 407 of the Tariff Act of 1922, of the provision in paragraph 409 of the Tariff Act of 1930, under which the instant merchandise was classified. That provision was couched in identical language, viz, "articles not specially provided for, wholly or partly manufactured of * * * bamboo." The subject matter of the case was bamboo and paper umbrellas, wherein it appeared that the component material of chief value was paper.

The umbrellas, having been classified by the collector under the bamboo articles provision, the importer protested, claiming them to be dutiable under the provision in paragraph 1313 of the 1922 act for "manufactures of paper, or of which paper is the component material of chief value."

Since the umbrellas were in part of bamboo but in chief value of paper, it appeared that both provisions were applicable to the merchandise, so that the question became one of relative specificity. (The highest rate rule provided in paragraph 1460 was not involved, as it was determined that the rates were not equally applicable. *Lorsch & Co.* v. *United States*, 13 Ct. Cust. Appls. 172, T. D. 41036.)

In resolving the question, the court considered various cases involving certain aspects of the question of relative specificity, but came to the conclusion that the term "articles not specially provided for, wholly or partly manufactured of bamboo" was more specific than the provision for "manufactures of paper, or of which paper is the component material of chief value."

This ruling has been extended and generalized in subsequent cases to read as follows:

* * * the term "articles" is a more specific designation than the term "manufactures of" * * *. [*International Expediters, Inc.* v. *United States*, 41 C. C. P. A. (Customs) 156, 158, C. A. D. 543.]

In the brief filed on behalf of the plaintiffs, their counsel reasons that if the term "articles," as used in paragraph 409, is more specific than the term "manufactures," it must be used in a narrow and restricted sense and cannot have reference to *all* substances and things, whether crude, processed, or manufactured, i. e., the broad sense of

"articles," as stated in *Junge* v. *Hedden, supra,* but has reference only to completely finished things ready for their ultimate use, or at least things so partially finished as to be dedicated to their ultimate use.

Plaintiffs' counsel argues that the bamboo blind or drapery material at bar is not such a thing, as it must be further manufactured before it can be applied to its ultimate use and, in its imported state, is not dedicated to any of its possible ultimate uses. Consequently, counsel argues that the imported material is not within the scope of the term "articles," as used in paragraph 409, *supra.*

We are unable to agree with the argument made on behalf of the plaintiffs. In the first place, the rule of the *Bough* case, upon which plaintiffs rely, that the tariff term "article" is more specific than the tariff term "manufactures," is *not* predicated upon the idea that the term "articles" relates to partially or completely finished things, ready for or dedicated to their ultimate use, as against a broader concept of things which may be embraced by the term "manufactures." Neither directly nor by implication does this follow from the decision in the *Bough* case. The reason for the rule, as shown by an examination of the cases cited by the court in its opinion in the *Bough* case, is that the term "articles" is tantamount to an *eo nomine* designation, while the term "manufactures" is a general and descriptive provision. See the opinion in *Loewenthal & Co.* v. *United States,* 6 Ct. Cust. Appls. 209, T. D. 35464, at pp. 217–218, discussing the decision of the United States Circuit Court for the Southern District of New York in the case of *United States* v. *Guthman, Solomons & Co.,* 159 Fed. 273.

In such a situation, of course, the well-settled rule that an *eo nomine* designation prevails over a general and descriptive designation applies.

It follows, therefore, that the term "articles," as used in paragraph 409, includes all things which are not specially provided for, which are wholly or partly manufactured of bamboo. That the bamboo blind or drapery material at bar was partly manufactured of bamboo, there is no doubt. Indeed, in the supplemental brief filed on behalf of the plaintiffs, it is admitted that the merchandise at bar is no longer bamboo but is a material manufactured from bamboo. It has a name, character, and use different from the material, bamboo, of which it is in part made. Plaintiffs suggest that it is a manufacture, which we regard it to be, under a long line of cases exemplified by *American Import Co.* v. *United States,* 26 C. C. P. A. (Customs) 72, T. D. 49612.

Since, as has been said, the term "articles" in paragraph 409 is the equivalent of an *eo nomine* designation, it is as though the paragraph provided by name for "bamboo blind or drapery material," which

designation, of course, would take precedence over the more general provisions in paragraphs 412 and 1558 under which plaintiffs claim.

For the foregoing reasons, the protest claims are overruled, and judgment will issue accordingly.