BEFORE THE THIRD DIVISION, FEBRUARY 10, 1959

**No. 62740.**—Arnhold Ceramics, Inc. *v*. United States, protest 282687–K (New York).

JOHNSON, Judge:   This is a protest against the collector's assessment of duty on radio resistors at 35 per centum ad valorem under paragraph 209 of the Tariff Act of 1930, as a manufacture of which steatite was the component material of chief value, not specially provided for, not decorated.   It is claimed in the protest and the amended protest that the merchandise is properly dutiable at 15 per centum ad valorem under paragraph 353 of said tariff act, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, or under paragraph 216 of said tariff act, as modified.

At the trial, it was stipulated that the merchandise was a manufacture of steatite and consisted of carbon resistors for radios, being devices used in electrical and electronic apparatus as resistance to the flow of electrical current or energy.   It was further stipulated that the resistors were composed of steatite, an earthy or mineral substance, metal, and carbon; that while the carbon contained therein amounted to 1 per centum or less of the total weight of the article, it constituted 30 per centum of the total value of the article; that the steatite contained therein was the insulator; and that the value of the resistance of said device depended upon the carbon deposited on said steatite.

Plaintiff's brief makes no mention of the claim for classification under paragraph 353, as modified, which is, therefore, deemed abandoned.

The pertinent provisions of the tariff act are:

Par. 209.   * * * manufactures (except toilet preparations), of which talc, steatite or soapstone, or French chalk is the component material of chief value, wholly or partly finished, and not specially provided for, if not decorated, 35 per centum ad valorem; * * *.

Par. 216 [as modified by the General Agreement on Tariffs and Trade, T.D. 51802].   Articles or wares composed wholly or in part of carbon or graphite, wholly or partly manufactured, not specially provided for, 15% ad val.

Since the merchandise is a manufacture of steatite and is in part of carbon, the principal issue is one of relative specificity. It is well settled that the term "articles" is a more specific designation than the term "manufactures of." *Bough* v. *United States*, 14 Ct. Cust. Appls. 60, T.D. 41575; *United States* v. *Garlock Packing Co.*, 32 C.C.P.A. (Customs) 79, C.A.D. 289; *International Expediters, Inc.* v. *United States*, 41 C.C.P.A. (Customs) 156, C.A.D. 543; *D.N. & E. Walter & Co. et al.* v. *United States*, 44 C.C.P.A. (Customs) 144, C.A.D. 652. Particularly pertinent to the instant case is *United States* v. *Garlock Packing Co.*, *supra*, involving so-called "engine packing," composed in chief value of asbestos yarn, 2 per centum or more of graphite, and varying percentages of oils. It was held that the merchandise was dutiable under paragraph 216 as articles composed in part of graphite on the ground that said provision was more specific than the provision in paragraph 1501(a) for manufactures of yarn of asbestos.

The carbon in the instant merchandise constitutes 30 per centum of the total value of the article and is essential to its function of resistance to the flow of electrical current or energy. Therefore, the carbon cannot be disregarded as negligible. *Varsity Watch Co.* v. *United States*, 34 C.C.P.A. (Customs) 155, C.A.D. 359; *Corporacion Argentina de Productores de Carnes* v. *United States*, 32 C.C.P.A. (Customs) 175, C.A.D. 304.

We hold, therefore, that the merchandise involved herein is properly dutiable at 15 per centum ad valorem under paragraph 216 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, as articles composed in part of carbon, not specially provided for. To that extent, the protest is sustained. In all other respects, it is overruled. Judgment will be rendered accordingly.