BEFORE THE FIRST DIVISION, FEBRUARY 24, 1960

No. 63848.—Gallagher & Ascher Company *v.* United States, protest 310804–K/8892 (Chicago).

OLIVER, Chief Judge: This protest is limited to the merchandise described in schedule "A," hereto attached and made a part hereof. All of the items in

question were imported in a knockeddown condition and were classified as parts of toys under paragraph 1513 of the Tariff Act of 1930, as modified, carrying a dutiable rate of 50 per centum ad valorem.

Plaintiff claims that the items in question, when assembled, make complete toys and, therefore, urges classification for the present merchandise as toys, not specially provided for, under paragraph 1513, as modified, with duty assessment at the rate of 35 per centum ad valorem.

Since the collector classified the merchandise in question under the so-called "toy paragraph," paragraph 1513, as modified, and plaintiff claims classification thereunder, it follows that the various articles in question are within the statutory definition of a toy, set forth in paragraph 1513 of the Tariff Act of 1930, as follows:

* * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. * * *

Counsel for the respective parties stipulated that the imported items, when assembled, are not in chief value of rubber.

The correctness of plaintiff's claim is conceded so far as it relates to the items described on the invoice with entry 2514 as "2499 Sets Seven Moulded Toy Barrels" and "BLUE RAYON ELASTIC CORDS FOR PRAM BEADS * * * 7,500— 18″ Lengths." The articles covered thereby, when assembled, form a complete toy, described as "BILLIE AND HIS SEVEN BARRELS" (plaintiff's illustrative exhibit 3) ; each toy consisting of "7 barrels that fit one inside the other, and inside of the smallest barrel is Billie, a small figure about half an inch high." (R. 15.) In defendant's brief, Government counsel concedes that the merchandise covered by the two items referred to "is properly classifiable as an entirety." Accordingly, we hold the said articles to be properly classifiable as toys, as claimed.

With respect to the remaining items involved herein, there is before us the testimony of the secretary and treasurer of the Playskool Manufacturing Co., the importer of the present merchandise. It appears from the witness' testimony that two toys are formed by the assembly of these items. One toy employs the use of a casein rod, a suction cup, and eight beads. When assembled, the casein rod, which is about 10 inches long, fits into the rubber suction cup that forms the base of the article. Four small cylindrical beads and four comparatively large pram or circular beads are strung on the casein rod. The cylindrical beads are separators between the pram beads (plaintiff's exhibit 1). The other toy, made from assembly of the imported items, uses a blue elastic cord that is about 18 inches long upon which are strung eight pram or circular beads (plaintiff's exhibit 2).

The issue herein concerns the use of a noisemaking substance or material. The witness testified that sometimes the merchandise under discussion is sold in the condition as shown by the samples (exhibits 1 and 2, supra), but that the general practice, in the sale of these articles, is that they have a "rattle noise" which they get from a bean or gravel placed within the pram beads which are imported in halves. The noisemaking substance was not included in the shipments under consideration, but is added by the importer in its assembly of the imported items. Therefore, defendant contends that the imported items are not toys, but are merely parts of toys, as classified.

We are not inclined toward that view. From an examination of the samples, without the use of any noisemaking material (exhibits 1 and 2, supra), it is evident that they are toys. The arrangement of the different kinds of beads, each of which is a different color, lends amusement for a child. Then, too, the construction of each of the articles is that of a toy. In one of them (plaintiff's

exhibit 1), the rubber base allows the toy to remain in an upright position and the beads can be made to sway. In the other (plaintiff's exhibit 2), the blue cord is looped, permitting attachment to a playpen, crib, or carriage, where the child can play with the beads. The addition of a "rattle noise" may increase the degree of amusement which a child will derive from the use of the toys, but the noisemaking substance does not advance the imported merchandise from incomplete toys to ones that are finished. It is also important to observe that the merchandise in question was imported in specific quantities that equaled the definite number of toys into which they were assembled. The imported items are to be considered as entireties and, as such, they are toys, as claimed.

In *Pan American Railways* v. *United States*, 16 Cust. Ct. 134, C.D. 1000, the imported merchandise consisted of all the parts, including lumber, millwork, hardware, etc., for the erection of a building. Although the material was in such condition that the builder's greatest task was only to assemble the finished parts, there was some cutting and fitting of materials required. The court held that the relatively small amount of work involved, beyond the mere assembly of the imported parts, did not disturb the classification thereof as an entirety, as assessed by the collector. Applying the same reasoning herein, it can be said that to supply a "rattle noise" to these toys is a minor phase of assembling the imported items and does not warrant such major significance as to remove the present merchandise from the tariff classification of toys.

The case of *Gellman Brothers* v. *United States*, 2 Cust. Ct. 37, C.D. 82, cited in plaintiff's brief, lends support to our conclusion. In that case, the merchandise consisted of certain so-called paper flying birds and decorated bamboo sticks. The use of the articles was described as follows:

The vendor usually takes the string that is attached to the bird, and takes that cane and cuts a little slit in the top of the cane, and then ties the string around it and seals it with the stick, so that the boy can swing the bird around with the stick.

In holding the combination of articles to be dutiable as an entirety and classifiable under the provision for toys, the court stated as follows:

* * * The testimony readily adjusts itself to the fact that this "decorated bamboo stick for flying bird" is an entirety with the "paper flying bird," so considered by plaintiffs, and intended and imported to be used together. The fact that a slit would be cut in the end of the stick by the vendor does not in any way detract from the fact that these sticks and the birds accompanying them are entireties.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the merchandise in question, as identified by the items enumerated in said schedule "A," to be dutiable at the rate of 35 per centum ad valorem as toys, not specially provided for, as claimed by plaintiff.

To the extent indicated, the protest is sustained and judgment will be rendered accordingly.